FREDERIC PARKER & another, executors, *vs.* RUTH H. COBE.

Suffolk.     December 7, 1910. — March 3, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Devise and Legacy. Annuity. Interest. Equity Pleading and Practice,* Parties.

A bequest of $75,000 to trustees " to be used to purchase an annuity or annuities for C., my niece, the payments thereof to be paid to her quarterly, if that can be done," gives the niece the right to receive the money outright and to require that no annuity shall be bought.

Where there is a bequest of a sum of money to trustees " to be used to purchase an annuity " for a certain person, and the beneficiary requires that the money

shall be paid to him outright without the purchase of an annuity, interest on the amount of the bequest should be paid to the beneficiary from the expiration of one year from the death of the testator.

In a suit in equity by the executors of a will for instructions as to a bequest of a sum of money to them as trustees " to be used to purchase an annuity " for a certain person, where the beneficiary has demanded that the money shall be paid to him outright without the purchase of an annuity, and he is entitled to have this done, and where it affirmatively appears that no question is made as to the interest to be computed upon the sum to be paid to the beneficiary, the residuary legatees under the will have no possible interest in the matter passed upon and there is no occasion for making them parties defendant.

BILL IN EQUITY, filed in the Supreme Judicial Court on October 28, 1910, by the executors of the will of Herbert F. Hanson, late of Boston, against Ruth H. Cobe of Chicago in the State of Illinois for instructions as to a clause of the will relating to the defendant.

The bill alleged that the defendant was one of the beneficiaries named in the will; that at the time of the death of the testator she was a minor, and that one Ira M. Cobe of Chicago was appointed her guardian both in the State of Illinois and in this Commonwealth; that the will was dated December 2, 1905, and was admitted to probate on March 12, 1909, and that, after providing for the payment by the executors of the charges against his estate, the testator provided as follows:

" I devise all the remaining property, real, personal or other kind, of which I shall die possessed or which shall come to me after my decease to Frederic Parker and John A. Ordway, Jr., both of said Boston, in trust to sell, invest and re-invest, and to pay to my mother each year during her life five thousand (5000) dollars, using therefor the income of the property and any part of the principal they shall deem proper, and when in any year the income exceeds five thousand (5000) dollars to pay the excess during such year to the extent of the income from seventy-five thousand (75,000) dollars to Ruth H. Cobe, my niece.

" I devise to be paid at the death of my mother, or at my death, if my mother be not then living:

" 1. Seventy-five thousand (75,000) dollars to be used to purchase an annuity or annuities for Ruth H. Cobe, my niece, the payments thereof to be paid to her quarterly, if that can be done."

The bill further alleged that the testator's mother died before

the testator; that the plaintiffs had paid all the debts of the testator that had been brought to their attention for which they considered the estate liable; that the plaintiffs were ready and willing to expend the sum of $75,000, less such an amount as might be due ·to the Commonwealth of Massachusetts for the legacy and succession tax, in the purchase of an annuity or annuities for the benefit of the defendant, payable to her as in the will directed; but that the defendant refused to accept the annuities given to her under the will, and demanded that $75,000, together with. interest thereon from the date of the decease of the testator, should be paid her outright without its having been invested in any contract for an annuity or annuities and without any obligation being put upon the defendant so to invest it, to become her own property absolutely and without condition or incumbrances.

The plaintiffs asked for instructions as to whether (1) the defendant was entitled to the payment to her of $75,000 outright as a legacy; (2) whether if the court found that this sum should be paid to the defendant outright, she was entitled to interest thereon, and if so from what date, and whether the interest should run at the legal rate or at a rate equal to what the fund actually had earned, and (3) whether it was the duty of the plaintiffs to purchase an annuity or annuities payable to the defendant, to be free from any incumbrances, conditions, and restraints upon alienation of the defendant's rights and interests therein, or whether they had the right to purchase annuities payable to the defendant, incumbered with restrictions as to her right to assign or negotiate her rights and interests therein.

The case came on to be heard before *Rugg*, J., who reserved it on the pleadings for determination by the full court.

Later· a petition was filed, by leave of court, by the residuary legatees under the will of Herbert F. Hanson, praying that they might be allowed to appear and become parties defendant. The petition was allowed, and the petitioners filed an answer admitting all the allegations of the bill except the allegation that the defendant Ruth H. Cobe was the only person interested therein. Thereupon the petitions and the answer of the petitioners were reserved by *Braley*, J., for determination by the full court.

*A. A. Folsom,* (*H. M. Burton* with him,) for the plaintiffs, stated the case.

*W. M. Noble,* (*H. R. Morse* with him,) for the defendant.

*F. K. Linscott,* for the residuary legatees under the will of Herbert F. Hanson, submitted a brief.

LORING, J.   It is the settled law of England that a bequest of money to be used in the purchase of an annuity gives the legatee a right to the money and he can insist that the annuity shall not be bought. *Yates* v. *Compton,* 2 P. Wms. 308.  *Barnes* v. *Rowley,* 3 Ves. 305.  *Bayley* v. *Bishop,* 9 Ves. 6.  *Dawson* v. *Hearn,* 1 Russ. & M. 606.  *Kerr* v. *Middlesex Hospital,* 2 DeG., M. & G. 576.  *Ford* v. *Batley,* 17 Beav. 303.  *Stokes* v. *Cheek,* 28 Beav. 620.  *In re Mabbett,* [1891] 1 Ch. 707.  *In re Robbins,* [1907] 2 Ch. 8.  For further cases see 2 Am. & Eng. Encyc. of Law, (2d ed.) 399.  In the United States there is a decision to the same effect by an inferior court (*Reid* v. *Brown,* 106 N. Y. Supp. 27), and, so far as we know, no case to the contrary.

This rule has found its most frequent application in case of bequests to be laid out in the purchase of annuities.  But it is a general rule applicable to a bequest to be laid out in the purchase of any object.  See for example *Barlow* v. *Grant,* 1 Vern. 255; *Nevill* v. *Nevill,* 2 Vern. 431; *Barton* v. *Cooke,* 5 Ves. 461; *Lonsdale* v. *Berchtoldt,* 3 K. & J. 185.

The reasoning on which the rule is established is that the legatee can sell the particular object as soon as it is bought and the law will not require the performance of a nugatory act.  Consequently it is of no consequence that the particular object is to be bought by the executor and not by the legatee.  See for example *Dawson* v. *Hearn,* 1 Russ. & M. 606; *Ford* v. *Batley,* 17 Beav. 303; *Stokes* v. *Cheek,* 28 Beav. 620; *In re Robbins,* [1907] 2 Ch. 8; *In re Brunning,* [1909] 1 Ch. 276; *Reid* v. *Brown,* 106 N. Y. Supp. 27.

The case at bar is not a case where $75,000 was left upon the trust that the income of it should be paid to Ruth H. Cobe during her life, but it is a case where the $75,000 was to be laid out by trustees in the purchase of an annuity for Ruth H. Cobe during her life.   For that reason it is not a case within the rule of *Claflin* v. *Claflin,* 149 Mass. 19.

The $75,000 was to be laid out in the purchase of an annuity

in the case at bar by trustees and not by executors. In our opinion that makes no difference. Where the only duty to be performed by a trustee is to buy a particular piece of property for the *cestui que trust*, which piece of property the *cestui que trust* can sell as soon as it is bought, the rule of a bequest for a particular object applies and the *cestui que trust* is entitled to the money. The purchase is as much a nugatory act in case of a trust as it is in case of a bequest, and the same rule governs both cases.

We are of opinion that interest should be paid on the $75,000 from the expiration of one year from the testator's death, under the usual rule, as to which see *Thayer* v. *Paulding*, 200 Mass. 98, 100 (where the cases are collected) and *Claflin* v. *Holmes*, 202 Mass. 157. The bequest in the case at bar was a bequest of $75,000 to be laid out in the purchase of an annuity, not the bequest of such sum as would purchase an annuity of a specified annual amount, as was the case in *In re Robbins*, [1907] 2 Ch. 8, where it is held that the annuity began at the death of the testator.

The question decided in the case at bar was a question between Ruth H. Cobe and the executors. The only possible interest which the residuary legatees could have had in the matter was in the payment of interest on the $75,000. It affirmatively appears that there was no difference between them on that point. There was no occasion for making them parties defendant.

A decree should be entered directing the plaintiffs to pay to Ruth H. Cobe $75,000 with interest from the expiration of a year from the death of the testator.

*So ordered.*