[Civ. No. 2558. First Appellate District.—November 11, 1918.]

E. HUFFAKER, Appellant, v. JOHN GRAY, Respondent.

JUDGMENT—ACTION TO VACATE—FRAUD AS GROUND.—A judgment will not be set aside on the ground of fraud in its procurement unless the fraud was extrinsic or collateral and prevented a fair submission of the controversy.

ID.—THEFT AND SUPPRESSION OF DOCUMENTS.—Theft and suppression, by the successful party to an action, of documents necessary to the opposite party for the presentation of his case, do not constitute extrinsic or collateral fraud warranting the annulment of a judgment.

APPEAL from a judgment of the Superior Court of Alameda County. Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

Rodolph Hatfield and E. Huffaker, for Appellant.

John L. McVey, for Respondent.

LENNON, P. J.—This is an appeal from a final judgment rendered upon a demurrer by the superior court of the county of Alameda.

A bill in equity was filed to vacate and set aside a judgment in the case of John Gray *v.* E. Huffaker, rendered by the same court on January 30, 1915. The allegations of the bill are that the judgment sought to be vacated was procured by fraud on the part of the plaintiff in that action, for the reason that said plaintiff stole from defendant certain papers enumerated and described in said bill, which papers were necessary for a proper defense to said action; that on account of being deprived of such written evidence, defendant was unable by his own testimony to sustain his defense; that defendant did not discover the fact that the said papers had been stolen by plaintiff until thirty days before bringing the present action. A demurrer to the bill was sustained. The question upon this appeal is as to the correctness of the ruling on demurrer. The issue being raised by demurrer, we assume, for a decision of the question involved, that all the allegations of the complaint are true.

It seems that the facts in this case bring it squarely within the reasoning of the case of *Pico* v. *Cohn,* 91 Cal. 129, [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537]. The discussion in that case fairly answers all the arguments of appellant here. The court there points out that it has been settled beyond all controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony, giving as a reason for the rule, that there must be an end of litigation; and that when parties have once submitted a matter, or have had an opportunity of submitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, it must be regarded as final and conclusive unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing

party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy. The court then proceeds to an explanation of the meaning of the term "extrinsic or collateral fraud," and enumerates such instances as: Keeping the unsuccessful party away from the court by false promise of a compromise, or purposely keeping him in ignorance of the suit; or where an attorney fraudulently pretends to represent a party and connives at his defeat, or being regularly employed, corruptly sells out his client's interest. The court then proceeds with the analysis and says:

"In all such instances, the unsuccessful party is really prevented, by the fraudulent contrivance of his adversary, from having a trial; *but when he has a trial, he must be prepared to meet and expose perjury then and there.* He knows that a false claim or defense can be supported in no other way; that the very object of the trial is, if possible, to ascertain the truth from the conflict of the evidence, and that, necessarily, the truth or falsity of the testimony must be determined in deciding the issue. The trial is his opportunity for making the truth appear. If, unfortunately, he fails, being overborne by perjured testimony, and if he likewise fails to show the injustice that has been done him on a motion for a new trial, and the judgment is affirmed on appeal, he is without remedy. . . .

"But counsel for appellant seek to distinguish this case from those in which it has been held that a judgment will not be set aside by reason of its being based upon forged documents or perjured testimony. They say that the fraud committed by Cohn was the bribing of Johnson; that this was collateral and extrinsic; that it was not and could not have been the object of investigation at the trial of the original action. We do not think this distinction can be maintained. *The fraud that Cohn committed was the production of perjured evidence in support of his defense. The means by which he induced the witness to swear falsely was but an incident.*"

We think in the present case, that the fraud by which plaintiff obtained his judgment was by means of his own perjured testimony, because it is alleged that the plaintiff, knowing of the existence of the stolen documents, suppressed them and denied their existence. The theft and suppression

of the documents were merely incidents and means of strengthening his perjured testimony. Of course, it may be said if the theft had been proven at the trial, the testimony of the plaintiff would have been discredited; but it is equally true that in the case of *Pico* v. *Cohn,* above cited, if the bribery had been proven, the testimony of the witness would have been of no effect.

Appellant has not cited and we are unable to find any case in this state overruling or modifying the doctrine as expressed in the case herein discussed.

The judgment is affirmed.

Beasly, J., *pro tem.,* and Sturtevant, J., *pro tem.,* concurred.