[Civ. No. 5982. First Appellate District, Division Two.—December 18, 1928.]

RAMONA FRANCES CURRAN et al., Appellants, v. PECHO RANCH & STOCK COMPANY (a Corporation) et al., Respondents.

Stoney, Rouleau, Stoney & Palmer and Orville C. Pratt, Jr., for Appellants.

Dockweiler, Dockweiler & Finch and Albert Nelson for Respondents.

NOURSE, J.—This is an action for partition of a ranch of about nine thousand acres in San Luis Obispo County. Plaintiff, Ramona Frances Curran, claiming to own an equitable estate in fee simple in one-quarter of said ranch, filed her complaint against the present owners of the legal title thereof, Pecho Ranch and Stock Company and Luigi Marre Land and Cattle Company, and also against certain mortgagees and trustees under a deed of trust, but as to said mortgagees and trustees the action was dismissed on stipulation. Plaintiff alleged that the defendants Maria Ygnacia Roberson, Frederick Wilson Hillard and Adelaida

Hillard were equitable co-owners with her of said ranch. The latter three equitable co-owners came in by cross-complaint, asserting their equitable title in fee simple to three-quarters of the land involved, admitting that one-quarter of the same belonged to the plaintiff and denying that the other defendants, respondents herein, had any right, title, or interest except a present possession and a bare legal title subject to the beneficial interests of plaintiff and of themselves.

The action was tried upon the complaint and cross-complaint and upon the respective answers of respondents thereto and thereafter judgment was ordered for the respondents. An appeal was taken by plaintiff Maria Ygnacia Roberson, Frederick Wilson Hillard, and Maria Ygnacia Roberson, as administratrix of the estate of Adelaida Hillard, deceased, Adelaida Hillard having died while the cause was pending and Maria Ygnacia Roberson, as her administratrix having been substituted in her place.

It has been stipulated that the two separate appeals may be heard and determined together. They are presented upon the judgment-roll alone and the sole questions for the court are questions of law. It is argued by the appellants that the findings do not support the judgment and under this head four points are argued. The facts are most complicated and the events narrated in the findings extend over a long period of time. Substantially, they are as follows:

That prior to and up to the time of his death John Wilson was the owner, seized in fee and in the actual and peaceable possession of the land involved in this action; that said John Wilson died in the county of San Luis Obispo on October 13, 1861; that subsequently, to wit, on the eighteenth day of December, 1861, the last will and testament of said John Wilson, deceased, was duly admitted to probate and Mariano Pacheco and Romualdo Pacheco were appointed executors thereof; that in and by said last will and testament of said John Wilson, deceased, the land hereinabove described was devised and bequeathed as follows, to wit: "Sixth: I do give, devise and bequeath all that certain rancho or tract of land situate, lying and being in the county of San Luis Obispo and State of California known and called 'Pecho y Islay' together with the

appurtenances thereunto belonging, . . . to my executors hereinafter named, and to the survivor of them and the heirs of such survivor in trust for the sole and separate use, benefit and behoof of my daughter, Ramona (wife of Frederick Hillard) for and during her natural life, only, and on her decease to the sole use, benefit and behoof of the heirs of her own body living at the time of her said decease to whom the said executors and survivors or survivor of them, or the heirs of such survivor shall convey in fee simple absolute on the said decease of said Ramona and failing such heirs of her body, then, on her decease to the sole use, benefit and behoof of my son John Wilson, my step-sons Mariano Pacheco and Romualdo Pacheco, and to my daughters Maria Ygnacia and Juana Castor, and to their heirs forever, share and share alike, to whom, except the said Juana, on the decease of said Ramona, without heirs of her body living at the time of her decease, the said executors and the survivors and survivor of them, and the heirs of such survivor shall convey in fee simple absolute, and on the happening of the death of the said Juana leaving heirs of her body the said executors shall convey their mother's share in fee simple absolute to her said heirs.''

On April 28, 1912, Ramona Hillard died leaving her surviving as the only heirs of her body her children, Maria Ygnacia Roberson, Frederick Wilson Hillard and Adelaida Hillard, and her granddaughter, Ramona Frances Hillard, now Ramona Frances Curran, plaintiff herein (the daughter of John Hillard, deceased, son of Ramona Hillard).

The trial court also found that the plaintiff and cross-complainants did not become vested with the equitable title to said property upon the death of Ramona Hillard, in accordance with the said devise in the said will of John Wilson, deceased, or otherwise or at all, and that no right, title, interest, or estate whatsoever in said property vested in said plaintiff and cross-complainants or either of them under the terms of said will or at all; that Mariano Pacheco, one of the executors of the said will of John Wilson, died on or about the fifteenth day of January, 1865, and that Romualdo Pacheco, the other executor of said will, continued to act as such executor until the eighteenth day of February, 1891, when he resigned as such executor and was discharged by order of court.

The trial court also made elaborate findings against the allegations in the complaint and cross-complaint to the effect that there had existed a conspiracy between Ramona Hillard, her attorneys and the executors of the will of John Wilson, deceased, to have the property distributed to said Ramona Hillard in fee. These allegations and the findings upon them take up considerable space in the record and it is unnecessary to set them forth herein, for the court found against them all, and this is an appeal upon the judgment-roll alone. As appellants have admitted in their briefs, that matter is concluded upon appeal.

It also appears that in 1870 Ramona Hillard commenced an action in the district court of the first judicial district of the state of California, in and for the county of San Luis Obispo, to quiet her title in fee simple to the property involved here; that at the time of the commencement of said action, and at the time of obtaining a decree therein, the cross-complainant Maria Ygnacia Hillard (now Maria Ygnacia Roberson) and Adelaida Hillard were minors, and were of the ages of three and four years, respectively; that one Walter Murray was appointed by said court as guardian *ad litem* for said minors; that the said district court entered the defaults of said Romualdo Pacheco, surviving executor and of Walter Murray as such guardian *ad litem* and on the twentieth day of January, 1871, filed its written decision in said action, finding the facts alleged in the complaint as true and ordering judgment for the plaintiff as prayed; that the said Maria Ygnacia Roberson, Frederick Wilson Hillard, Adelaida Hillard, and Ramona Frances Curran never had, nor did any or either of them ever have, any interest in said real property, or any part thereof; that everything required by law or necessary to represent and protect any interest or rights that the said plaintiff Ramona Frances Curran or the said defendants and cross-complainants, Maria Ygnacia Roberson, Frederick Wilson Hillard, and Adelaida Hillard, or either or any of them, might have had in or to said real property and in and to said proceedings was duly had, taken, done, and performed; that said action and the said proceeding just mentioned were brought and prosecuted by the said Ramona Hillard for the purpose of obtaining from the district court and from the supreme court of the State of California, which

afterward affirmed the judgment of said district court, a true and correct construction of the will of said John Wilson and of correctly and properly ascertaining the rights of the said Ramona Hillard and the rights of the said plaintiff herein, Ramona Frances Curran and of the said cross-complainants. Though the said defendant and cross-complainant, Frederick Wilson Hillard, was not born until October 16, 1875, or four years after the obtaining of the decree in said action, and could not be a party to said action, his rights and interests, if any, in said action, were duly and regularly represented and protected. John Hillard, a brother of the cross-complainants, and the father of the plaintiff herein, was born on the twenty-fifth day of January, 1874, and was not a party defendant to the said action, but his interests were duly and regularly represented and protected.

It also appears that on April 18, 1891, a decree of final distribution in the matter of the estate of John Wilson, deceased, was entered, whereby and wherein the real property involved here was distributed to Ramona Hillard in fee-simple absolute; that said distribution of said real property was not in contravention of the terms of said will of said John Wilson and that said distribution was in accordance with the construction placed upon said will by the supreme court of the state of California in the action of *Hillard* v. *Pacheco et al.* The facts with reference to this decree of distribution were found to be as follows:

That A. M. Graves did petition for letters of administration with the will annexed of the estate of John Wilson on the ninth day of February, 1891, and that letters of administration with the will annexed, etc., were issued to said petitioner on March 2, 1891; that on April 6, 1891, an order of court was made appointing Louis Lamy to represent all the minors and absent heirs interested in the said estate, all of whom, excepting one Charles Hillard, now deceased, whose rights are not involved in this proceeding, were present in the state of California, and that no actual notice of said appointment or of the pending proceeding for distribution in said estate was ever communicated to any of said minors, or absent heirs. That at the time of the filing of the petition for distribution, notice of the hearing of said petition was duly and regularly given

in the manner and for the time directed by the court and in the manner and for the time provided by law.

There are other matters set forth in the findings regarding mortgages and sales of the property, all tracing originally from the title of Ramona Hillard, but we need not discuss these matters in detail, for the one question which is decisive of these rights is whether or not Ramona Hillard took a fee simple under the will of John Wilson, deceased, and under the proceedings to quiet her title and the probate proceedings, ending in the decree of distribution decreeing that she was the fee-simple owner.

The judgment herein proceeds upon the theory that the devise in question in the will of John Wilson, deceased, was within the rule in Shelley's Case, which, though now abolished in this state, was in effect at the time said will took effect, 1861. Ramona Hillard also took a portion of the land involved here by deed from her mother, Ramona Wilson, and that grant had the same language as contained in the will, so we shall refer to but one instrument, as both are governed by the same rule.

In brief, appellants contend that the judgment in *Hillard* v. *Pacheco*, heretofore referred to, was erroneous; their position being that although the rule in Shelley's case was the law of this state at the time the instruments involved here became effective, the devise in the will of John Wilson and the grant in the same words in the deed from Ramona Wilson to her daughter, Ramona Hillard, come within the ruling in *Gordon* v. *Cadwalader,* 164 Cal. 509 [130 Pac. 18], in which it was said: "The grant as a whole must be understood as if it read: 'to John, for and during his natural life, and after his death to the children or other lawful heirs of his body who may survive him. . . . The use of the expression 'who may survive him' or similar terms, shows that the mind of the grantor was directed to the particular persons surviving at the death of John, and not to his posterity generally." It is urged that the language of the instrument involved in the instant case: "to the sole use, benefit and behoof of the heirs of her own body living at the time of her (Ramona Hillard's) decease" makes the last-cited case applicable. The difficulty is that the case of *Gordon* v. *Cadwalader* was decided years after

the case of *Hillard* v. *Pacheco* and the latter case settled the law with reference to this property and built up a rule of property upon which subsequent purchasers had a right to rely. That decision was affirmed by the supreme court in September, 1878, upon the authority of *Norris* v. *Hensley*, 27 Cal. 439. The opinion of the district court contained the following language: "It is now ordered, adjudged and decreed that by the devise to plaintiff (Ramona Hillard) in the will of her father John Wilson, deceased, . . . she took an estate in fee simple absolute and not a mere life estate, in and to the undivided one-half of the Rancho Pecho y Islay and in and to the undivided one-half of the tract called 'Santa Fe' and that by the deed from her mother, Ramona de Wilson, . . . she took an estate in fee simple absolute and not a mere life estate in and to the other undivided one-half of said tracts of land."

A fee simple absolute estate being the largest estate known to the law is all-inclusive and all-exclusive, and if Ramona Hillard took such an estate from her mother and father, there is no one who could hold any part or parcel of this property except through and by deraignment of title through her. Appellants have presented very interesting briefs and have argued learnedly as to the nature of grants and devises which would be subject to the operation of the artificial rule in Shelley's case. That problem may demand our attention on some other occasion, but in the instant case we are disposed to hold that the judgment in the case of *Hillard* v. *Pacheco* defining the estate taken by Ramona Hillard under the will of John Wilson, and designating that estate as one which must necessarily exclude any and all other interests has become a rule of property under which the subsequent grantees of Ramona Hillard have acquired their rights and upon which they had a right to rely.

The trial court has found that all parties interested were duly and properly represented. It is true that some of the parties hereto were not in being at the time the other action was instituted, but they were represented by others in the same class and with the same interests. In the case of *County of Los Angeles* v. *Winans*, 13 Cal. App. 234 [109 Pac. 640], it was said: "The rule and its reason are declared in *Sweet* v. *Parker*, 22 N. J. Eq. 455, as follows: 'Many ex-

ceptions exist to the general rule that in equity all must be parties who have an interest in the object of the suit.' The reason or principle of such exception is stated as follows in Calvert on Parties, section 2, page 20: 'If they are required to be parties merely as the owners and protectors of a certain interest, then the proceedings may take place with an equal prospect of justice if that interest receives an effective protection from others. It is the interest which the court is considering, and the owner merely as the guardian of that interest; if then, some other persons are present who, with reference to that interest, are equally certain to bring forward the entire merits of the question, the object is satisfied for which the presence of the actual owner would be so required, and the court may, without putting any right in jeopardy, take its usual course and make a complete decree.' The rule is made applicable to representation of persons living, as well as those unborn. . . . The protection of a person whose property is brought into court by such representations is to be found in his right to attack the decree on the ground of fraud or collusion in its procurement. In the absence of such attack, the decree is final and conclusive as to the status of the property.'' (Citing numerous cases.)

No showing was made by the appellants here of extrinsic fraud in procuring the judgment in *Hillard* v. *Pacheco et al.* The trial court has found that no fraud existed, and no extrinsic fraud was pleaded. The judgment in *Hillard* v. *Pacheco et al.* is unimpeachable unless obtained by extrinsic fraud. (*People* v. *Mooney,* 178 Cal. 525 [174 Pac. 325]; *Huffaker* v. *Gray,* 38 Cal. App. 605 [177 Pac. 183]; *Del Campo* v. *Camarillo,* 154 Cal. 647 [98 Pac. 1049].) Extrinsic fraud is clearly defined in the case of *Pico* v. *Cohn,* 91 Cal. 129 [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537], and nothing in the pleadings or findings brings the instant case within the rule of that decision.

The judgment is affirmed.

Sturtevant, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 17, 1929, and a

°petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1929.

All the Justices concurred.