[Civ. No. 10653. Second Appellate District, Division Two.—November 22, 1935.]

In the Matter of the Estate of CHARLES HENRY OLIVER, Deceased. CALIFORNIA FIRST NATIONAL BANK OF LONG BEACH, as Trustee, etc., Appellant, v. MRS. JULIA A. CARR, Respondent.

W. Ward Johnson for Appellant.

W. D. McAlister and Harmel L. Pratt for Respondent.

CRAIL, P. J.—This is an appeal by the trustee from an order of the trial court upon the hearing of its third annual report. The estate, totaling $85,782.67, was distributed to the trustee under the terms of a will, the relevant parts of which are set up in the trustee's brief and which, after boiling down, we set out herein: "6th. I direct my trustees to convert all of my property into cash and reinvest the same in first mortgage liens or other securities that will net at least 6 per cent. The trustees are to collect and receive the income of said trust fund and pay the same over as it occurs and is collected to the beneficiaries for whom it is set apart during

their natural lives. 9th. I bequeath to my friend, Mrs. Julia A. Carr, $1,800 per year during her life, the same to be paid in monthly instalments, if possible, at the rate of $150 per month. 10th. The balance of the income of said trust fund I bequeath to my brother, George W. Oliver, the same to be paid as it occurs and is collected. 11th. The trust fund must be kept intact during the life of my brother and my friend, Mrs. Carr, and the survivor is to receive the *full income* of said fund during his or her life. 12th. At the death of my brother and Mrs. Carr the estate is to be distributed as follows'', etc.

The third annual account of the trustee reported payments out of the income of $535.66 to the trustee as trustee's fees; $75.83 as attorney's fees, and to Mrs. Carr $19.99, which was the balance of the income remaining after payment of the above items and other items. Mrs. Carr filed objections to this account. The court found and ordered that Mrs. Carr was entitled to be paid all of the income from the trust estate up to $150 per month, and that the costs and expenses of managing the trust should be paid out of the *corpus* of the estate. The trustee appeals from that part of the order of the court requiring the trustee to pay the expenses of administering the trust estate out of the *corpus* thereof. Mrs. Carr does not appeal, and her rights, if any, to an additional order are not before us for review.

The trustee contends that the will shows that it was the intention of the testator to make all payments from income only and to keep the trust estate intact until the death of Mrs. Carr and his brother.

The will uses the phrase, ''the survivor is to receive the *full income* of said trust fund during his or her life''. Paragraph nine of the will creates an annuity in favor of Mrs. Carr. There is no provision or statement of any kind in the will to the effect that this annuity shall be limited to income. The bequest to Mrs. Carr is positive and certain, clear and distinct, and there is no condition attached as to how it shall be paid. The Probate Code provides the rule of construction which is applicable. Section 104 thereof provides: ''A clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, or by any other words not equally clear and distinct, or by inference or argument from other

parts of the will, or by an inaccurate recital of or reference to its contents in another part of the will."

While it is the general rule that the expenses of administration should be paid from the income of the trust, this rule is not an universal one; there are exceptions to it. Annuities are favored under the probate law of California. For instance: Section 161 of the Probate Code provides: "(3) Annuity. An annuity is a bequest of certain specified sums periodically; if the fund or property out of which . . . an annuity is payable fails, in whole or in part, resort may be had to the general assets, as in case of a general legacy." This is not cited as controlling, but as persuasive on the right and wisdom of the trial judge to order a payment of the costs of administration of the trust out of the *corpus*. The trustee cites no authority which holds that expenses of administration of a trust may not be paid from the *corpus* of a trust where the decree of distribution creates an annuity; and we know of none. We are not referring, of course, to cases where the will expressly provides that periodical payments shall be made from the income.

The order is affirmed.

Wood, J., and McComb, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 20, 1936.