[Civ. No. 14211.   Second Dist., Div. One.   Dec. 7, 1943.]

Estate of MARIE F. BENZIGER, Deceased.   FREDERICK A. WOOD, as Executor, etc., Respondent, v. RITA BEN-ZIGER, Appellant.

Meserve, Mumper & Hughes, Edwin A. Meserve and Roy L. Herndon for Appellant.

Barrick & Wright for Respondent.

DRAPEAU, J. pro tem.—In a will before the probate court, and now before this court, the testator directed that the residue of his estate be converted into cash and the cash used to purchase insurance contracts or policies in level premium mutual life insurance companies, to pay a life income to the two children of testator. The will further directed that such contracts were to be so drawn that upon the death of either child, the balance of the proceeds thereof should go to the living issue of such child, or if such child died without living issue, to the survivor of said two children, or the then living issue of such surviving child, or in the event of the death of both of testator's children without issue surviving, to a Catholic charity. For these purposes, one-fifth of the residue was to be expended for one child, and four-fifths of the residue for the other child.

Pursuant to this direction, the executor, respondent herein, petitioned the probate court for an order directing the sale of personal property of the estate, consisting in the main of stocks and bonds.

The beneficiary for whom four-fifths of the residue was to be so expended filed written objections denying that the sale of the property would be for the best interest of the estate or those interested therein, and denying also the power of the executor to sell the property for the purpose of purchasing the contracts as directed by the will. Said beneficiary also filed a notice of election to take securities in lieu of annuity. The beneficiary for whom one-fifth of the residue was to be invested, as directed by the will, did not appear, nor did anyone appear for contingent beneficiaries, unless the objector may be said to have so appeared as their representative.

Upon the hearing, the probate court made its order directing the sale. From this order the objector has appealed.

The primary question here involved is whether the appellant had the right to elect, and to have distributed from the estate of decedent to trustees, for the use and benefit of appellant and contingent beneficiaries, the personal property which the testator directed to be sold and invested in contracts of annuity and insurance.

Income presently to be derived from the stocks and bonds if so distributed would be greatly in excess of income which could be paid under the insurance contracts. And a compu-

tation by appellant of present income therefrom and payments to appellant for an estimated life expectancy indicates that there would be more in the trust for the benefit of contingent beneficiaries if appellant's election were enforced. Assuming that computations of present income will continue undiminished in the future, appellant argues that such distribution will result to the advantage and benefit of the contingent beneficiaries, that therefore under the doctrine of virtual representation appellant represents them, and their consent and concurrence to her election and her representation may be presumed.

As adopted in a few states, the right of election of a donee of an annuity is well stated in the case of *Parker* v. *Cobe* (1911), 208 Mass. 260 [94 N.E. 476, 21 Ann.Cas. 1100, 33 L.R.A.N.S. 978 and note].

"It is the settled law of England that a bequest of money to be used in the purchase of an annuity gives the legatee a right to the money and he can insist that the annuity shall not be bought. In the United States there is a decision to the same effect by an inferior court, and, so far as we know, no case to the contrary.

"This rule has found its most frequent application in case of bequests to be laid out in the purchase of annuities. But it is a general rule applicable to a bequest to be laid out in the purchase of any object.

"The reasoning on which the rule is established is that the legatee can sell the particular object as soon as it is bought and the law will not require the performance of a nugatory act. Consequently it is of no consequence that the particular object is to be bought by the executor, and not by the legatee." (Cases cited in support of the above proposition are not here repeated.)

(Also see 2 Cal.Jur. 80; 2 Am.Jur. 833; 69 C.J. 945; 3 C.J.S. 1376.)

■ Analyzing the payments to be made under the contracts to be purchased by the executor, it is at once evident that appellant may not sell the particular object so to be purchased, and that the rule of annuitant's election contended for may not in any event take effect under the facts in this case. Before such a sale may be made, all of the contingent beneficiaries must join in it, or be bound by some judicial decree. These contingent beneficiaries would be: (1) Surviv-

ing issue of appellant, or (2) the other child of decedent, or (3) living issue of such surviving child, or (4) a charity. The reasoning on which the rule is established is that the donee can sell the annuity as soon as it is bought, and the law will not require the performance of a nugatory act. (*Parker* v. *Cobe, supra.*) But such election may only be made when the annuity is given absolutely and without qualification and the donor directs that a certain sum be laid out in the purchase of it. (3 C.J.S. 1384.)

Therefore it becomes unnecessary to this decision to determine whether the rule contended for is applicable in California, in view of the concluding section of chapter VIII, division 1, Probate Code, which deals with legacies and annuities, and which provides: "The provisions of this chapter are in all cases to be controlled by a testator's express intention." (Prob. Code, sec. 163.)

There may be no virtual representation by appellant of contingent beneficiaries for the reason that as between representative and represented there may be no conflict of interest. (*Mabry* v. *Scott*, 51 Cal.App.2d 245, 253 [124 P.2d 659]; *Curran* v. *Pecho Ranch etc. Co.*, 95 Cal.App. 555 [273 P. 126]; and *County of Los Angeles* v. *Winans*, 13 Cal.App. 234 [109 P. 640].) To say that income from the personal property would remain constant over a period of years comprising a life expectancy and would thus build up a fund from which to pay an annuity for life and also to pay contingent beneficiaries would be contrary to the experience of mankind. If such income were to fail, in whole or in part, then all of the fund might have to be expended for the life beneficiary, to the complete loss of contingent beneficiaries. (*Estate of Oliver*, 10 Cal.App.2d 336 [51 P.2d 1118].) And in any event the other child of decedent is a contingent beneficiary and as such a necessary party who did not appear and may not be represented.

The order is affirmed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 3, 1944. Carter, J., and Traynor, J., voted for a hearing.