## No. 15,905.

KETCHAM *v.* INTERNATIONAL TRUST COMPANY
(192 P. [2d] 426)

Decided March 15, 1948.

Mr. CHARLES T. MAHONEY, Mr. HAROLD B. WAGNER, Mr. CARL A. WYERS, for plaintiff in error.

Mr. PERCY S. MORRIS, for defendant in error.

MR. JUSTICE LUXFORD delivered the opinion of the court.

THIS is a proceeding by a beneficiary to compel a trustee to pay a certain sum of money to him direct instead

of investing it in an annuity policy for his benefit as provided by the express terms of testator's will. The judgment being against him, the beneficiary brings the case here, contending: (1) That the court erred in granting defendant's motion for summary judgment; (2) that plaintiff, as a matter of law, is the only person beneficially interested in this fund, and (3) that plaintiff, as a matter of law, may demand and receive payment of his proportionate share of the trust estate without being required to accept an annuity policy. After careful consideration, we are of the opinion that the first two specifications are without merit, and therefore discuss only the third. The parties appear here in the same order as in the trial court, and we hereinafter refer to them as plaintiff and defendant.

Testator's will was admitted to probate, his estate administered, and the residue paid over and transferred to the International Trust Company, trustee, defendant herein. It provided that the trustee pay to plaintiff, named in the will as beneficiary, one-fourth of the trust fund created thereby in quarterly installments until he attained the age of fifty years; also, section ten (f) provides inter alia: "When each of said respective beneficiaries arrives at the age of fifty years, the said Trustee shall, after having converted into cash the proportionate share * * * of the beneficiary so arriving at the age of fifty years * * * purchase with the proceeds of the proportionate share of such beneficiary * * * an annuity policy in favor of and payable to the beneficiary so arriving at the age of fifty years in accordance with the terms of subdivision (k) of this paragraph * * *. (k) * * * if the annuitant shall die before the total of the amounts paid to the annuitant on such policy shall equal the amount paid to the insurance company for such policy, the insurance company will after the death of the annuitant continue to pay to a contingent beneficiary the said installments until the total paid by the insurance company on such policy shall equal the amount

paid for the issuance of such policy; each annuity policy purchased * * * shall provide for payments to be made in monthly installments to such annuitant during the remainder of the life of such annuitant and shall provide for the payment after the death of the annuitant to the contingent beneficiary or beneficiaries who may be designated by such annuitant * * * of whatever installments may be payable upon such policy after the death of the annuitant; each such annuity policy shall also provide that the annuitant shall not have the right to commute any of the payments under such policy; * * * but in no event is any such policy to provide for any payment by the insurance company thereon of a lump sum during the life of the annuitant as distinguished from periodical payments thereon during the life of the annuitant; * * *."

Plaintiff contends that he has a right to demand that defendant pay to him in cash his proportionate share of the trust estate instead of investing the same in annuity insurance for his benefit as specifically directed by testator in his will.

This is a case of first impression in Colorado. The courts of six states only, so far as disclosed by our research, have had the question under consideration. Two of them, Massachusetts and New York, have followed the rule for which plaintiff herein contends. Accordingly, it was said in *Parker v. Cobe,* 208 Mass. 260, 94 N.E. 476: "It is the settled law of England that a bequest of money to be used in the purchase of an annuity gives the legatee a right to the money and he can insist that the annuity shall not be bought. * * * This rule has found its most frequent application in case of bequests to be laid out in the purchase of annuities. * * * The reasoning on which the rule is established is that the legatee can sell the particular object as soon as it is bought and the law will not require the performance of a nugatory act. Consequently it is of no consequence that the particular object is to be bought by the executor

and not by the legatee. * * *." The same rule was followed in, *In re Cole's Estate,* 219 N.Y. 435, 114 N.E. 785.

On the other hand, the pronouncements of the courts of the other four states, namely, California, New Jersey, Ohio and Iowa, are not in accord with those of Massachusetts and New York, and those courts have emphasized the intention of the testator as being paramount in the interpretation of wills.

■■ It is settled law in Colorado, that in construing wills the intent of the testator must prevail unless in violation of some established rule of public policy or statutory enactment. *Pitman v. Colorado Bank,* 113 Colo. 373, 379, 158 P. (2d) 186. There is no uncertainty or ambiguity in the will here involved. Testator's intention is clearly expressed. It should be carried out.

"We prefer to construe the will as the testator understood it, as bequeathing a fixed and certain amount in the purchase of an annuity." *In re Johnson's Estate,* 30 N.W. (2d) 164, 167 (Iowa), and referring to the Cobe case, supra, continuing the court says, at page 168: "The case follows the long established rule in England, but to our mind does not conform to our rules of interpretation nor the application of the doctrine of intention."

And it was held in *Bedell v. Colby,* 94 N.H. 384, 54 A. (2d) 161, that:

"The law is too well established in this jurisdiction to require extended citation that the intention of the testator is the sovereign guide in the interpretation of a will, and that this intention being ascertained the Court must enforce it * * *. It is sufficient to say that these decisions, following the English rule, admittedly disregard the intent of the testator.

\* \* \*

"That the English rule is not always approved is shown by the example of New York State, where the legislature passed a special statute to avoid the consequences of its Courts following this doctrine.

"But there seems no need to invoke a legislative act

here to accomplish the desired result. Our Courts are not disposed to follow arbitrary rules, English or otherwise, at what appears to be the expense of justice."

See, also, *In re Benziger's Estate*, 61 Cal. App. (2d) 628, 143 P. (2d) 717; *Berry v. President and Directors of Bank*, 133 N.J. Eq. 164, 31 A. (2d) 203.

It is urged, however, that plaintiff may dispose of the annuity insurance policy when he receives it. In view of the express provision of testator's will that, "In no event is any such policy to provide for any payment by the insurance company thereon of a lump sum during the life of the annuitant as distinguished from periodical payments thereon during the life of the annuitant," we are not at all impressed by the argument concerning the market value of the policy to be issued. There was no evidence introduced in this case. It was decided on motion for summary judgment. Regarding the sale of an annuity the court said in *Feiler v. Klein*, 74 N.E. (2d) 384, 388 (Ohio):

"It is not true that a legatee by the sale of an annuity will be able to 'receive substantially the amount of the purchase price of the annuity.'

"It is our information that the vast majority of annuities have no cash value whatever and no value can be realized from them other than the guaranteed monthly income once they are made effective. If the provisions of an annuity permit its sale, such a sale is extremely rare and it can be made, if at all, only at a heavy discount."

It is testator's will we are interpreting. His intention is clearly expressed therein and it must be effectuated.

The judgment of the trial court was right and it is affirmed.

MR. JUSTICE HILLIARD dissents.