FIRST NATIONAL BANK OF KANSAS CITY, Missouri, and Robert D. Marquis, Trustees Under the Last Will and Testament of Wilson M. Marquis, Deceased, Respondents,

v.

Joan Lucille Marquis SMIRNOFF and Vadim Smirnoff, Jr., and Robert D. Marquis, Jr., Guardian ad litem for Minor Defendants Robert D. Marquis, III, Van Marquis, Elizabeth Ann Marquis, Cecily Dunn, Casey Dunn, Dana Shepherd, Gail Potts Garmire, Rick Davis and Scott Davis, Appellants.

Nos. 22926, 22928.

Kansas City Court of Appeals.
Missouri.

June 15, 1959.

J. Gordon Siddens, Kansas City, for appellant.

Lathrop, Righter, Blackwell, Gordon & Parker, W. M. Stapleton, Kansas City, W. W. Filkin, Olathe, Kan., for respondent.

HUNTER, Judge.

This is a petition in equity for the construction of the will of Wilson M. Marquis, deceased, and for instructions.

Plaintiffs (respondents), The First National Bank of Kansas City, Missouri, and

Robert D. Marquis, are the testamentary trustees of a trust created by the will. Defendants (appellants) include Joan Marquis Smirnoff, daughter and only child of the deceased, and her only child, Vadim Smirnoff, Jr., a minor, and other beneficiaries under the will.

The trial court, after hearing the cause, entered a final decree construing the will and instructing the trustees. From that final judgment Joan Lucille Smirnoff and her son, Vadim, have appealed, as have certain of the other defendant-beneficiaries under the will. These appeals are consolidated.

The parties have agreed that only two questions relating to the trial court's action are presented on this appeal. These two questions are: (1) Did the trial court err in instructing the trustees that it was not the intent of the testator that the trustees should pay certain medical and other expenses incurred by Joan Marquis Smirnoff in addition to the $750 to be paid her monthly; (2) Did the trial court err in instructing the trustees that the testator intended the trustees be required to invade the corpus of the trust for the purpose of making up any deficiency in income in any year to provide the $750 to be paid monthly to Joan Marquis Smirnoff. An additional question, outside the scope of the mentioned agreement, results from the fact that after the trial court entered its final decree no motion for new trial or other after-trial motion was filed. Plaintiffs have moved to dismiss the appeal for failure of appellants to preserve any such question by filing an after-trial motion. We have taken the motion to dismiss with the case.

Section 17 of the will provides:

"(a) I authorize and hereby direct my said trustees to pay to my wife, Mabel C. Marquis out of the principal or income the sum of six thousand dollars annually in monthly installments of five hundred dollars on the first day of each and every month after my decease beginning immedi-

ately after my decease. I also authorize and direct my said trustees to pay out of the principal or income, any and all hospital, medical, nursing and funeral bills incurred in behalf of my wife, Mabel C. Marquis, in addition to the aforesaid allowances, said payments to be made even if it exhausts the trust estate.

"(b) I authorize and hereby direct my said trustees to pay to my daughter, Joan Lucile Marquis out of the principal or income the sum of three thousand dollars annually in monthly installments of two hundred fifty dollars on the first of each and every month after my decease beginning immediately after my decease. I also authorize and direct my said trustees to pay out of principal or income and all hospital, medical, nursing and funeral bills incurred in behalf of my said daughter, Joan Lucile Marquis, in addition to the aforesaid allowances, said payments to be made even if it exhausts the estate.

"(c) At the death of Mabel C. Marquis, my wife and mother of my daughter, Joan Lucile Marquis, I authorize and hereby direct my said trustees to pay to my said daughter, Joan Lucile Marquis the sum of nine thousand dollars annually in monthly installments of seven hundred fifty dollars each on the first day of each and every month after the death of her mother, Mabel C. Marquis."

It was developed at the trial that the present value of the corpus of the trust is approximately $221,000, with an estimated income of $8,500. Testator's widow, Mabel C. Marquis, elected to take against the will. In an earlier, separate suit, involving these same parties, to construe the testamentary trust, from which no appeal was taken, the Circuit Court of Jackson County ruled that the widow's renunciation was equivalent to her death for the purposes of the will. Its decree stated:

"(c) That by reason and as a result of the renunciation of the will by the widow, the defendant, Mabel C. Marquis, and her election to take a child's share as provided for by the laws of the State of Missouri, said renunciation and election is equivalent to the death of said widow, Mabel C. Marquis, and accelerates the trust provisions of Paragraph 17(c) of the will of Wilson M. Marquis, deceased, and by said acceleration, the defendant, Joan Lucile Marquis, is now entitled to monthly payments of Seven Hundred Fifty Dollars ($750.00) per month instead of Two Hundred Fifty Dollars ($250.00) per month, effective January 1st, 1955."

In reliance upon this decree the Trustees have invaded the corpus to the extent necessary to pay the $9,000 annuity to Joan Marquis Smirnoff. The income available for that purpose was sufficient to pay her only about $7,500 to $7,800 of that $9,000.

We have determined the motion to dismiss the appeal should be and is overruled. Supreme Court Rule 3.23, 42 V.A.M.S. provides in part that in cases tried to the court, allegations of error in order to be preserved for appellate review must be presented to the trial court in a motion for new trial; except " * * * questions of the sufficiency of the evidence to support *the judgment* * * *." (Emphasis ours.) The judgment in this case in substance is that (1) the testator intended and provided for his daughter's $9,000 annuity to be paid out of the corpus if necessary, and (2) the testator neither intended nor provided that his daughter was to receive payment of her medical and other named expenses in addition to her $9,000 annuity. We look at the evidence to see if it is sufficient to support *this judgment*. The evidence is the undisputed will.[1] Is it sufficient to support *this judgment*—viz., does it contain within its four corners the intentions and, hence, the provisions which the trial court declared in the judgment. This presents "questions of the sufficiency of the evidence to support the judgment" and, thus, it was not necessary for appellants to have presented these questions in a motion for new trial in order to preserve them for appellate review.

It is the cardinal rule in the construction of wills that it is the intention of the testator that is to be sought out and made effective. Thus, the question of whether deficiencies in an annuity are payable exclusively from income or are chargeable on the corpus of the property depends on the intention of the testator as determined by a construction of the will creating the annuity.

With that principle in mind we have determined the trial court did not err in declaring that the testator intended that the trustees be required to invade the corpus of the trust for the purpose of making up any deficiency in income in any year to provide the $750 to be paid monthly to Joan Marquis Smirnoff. The effect of the language used was to provide for an annuity for Joan. See Bolles v. Boatmen's Nat. Bank of St. Louis, 363 Mo. 949, 255 S.W.2d 725, 729: "By 'annuitant' we mean a trust beneficiary entitled to annual payments." The direction of the payment of that sum "annually in monthly installments" without any indication of limitation to income is a circumstance indicative of testator's intention that it be paid out of the corpus of the trust if the income is insufficient to provide the full sum. The effect of such an expression may, of course, be overcome by evidence of a contrary intention to be found in the context of the will. 2 Am.Jur., Wills, Sec. 19, p. 826. While we are not cited to any Missouri decisions to the general effect that the

---

1. Littleton v. General American Life Ins. Co., Mo.App., 136 S.W.2d 433, 438: "A will is itself the declaration of that person in regard to the disposition of his or her property. 'It is his or her testimony upon that subject, and that is the expression of his mind and will in relation to it.'"

grant of a fixed sum as an annuity, in and of itself, indicates the intent that the corpus be invaded unless the will otherwise indicates an intent that the annuity be paid only from income, cases from other jurisdictions and other authority do so state.

In 2 Am.Jur., Annuities, Sec. 19, p. 826, it is said: "The fact that the annuitant was a prime object of the testator's bounty or that the annuity was evidently intended for the maintenance of the annuitant is a circumstance strongly tending to show that it was the testator's intention that the annuity should be paid in full and therefore, if necessary, out of the corpus. * * * It may be stated as a general rule that, in the absence of anything to indicate a contrary intention, when there is a gift of the annuity independent of the provision of a fund from the income of which it is directed to be paid, the gift is simply demonstrative, and resort may be had to the corpus to supplement deficiencies in income; while if there is no gift apart from the direction to pay out of income, the gift is one of income only."

In Litcher v. Trust Co. of N. J., 11 N.J. 64, 93 A.2d 368, 375, the court said: "* * * An annuity does not fail because net income is insufficient to pay it in full, but is payable out of principal unless the principal is disposed of by the will in such a way that the gift thereof is on an equality with the annuity or has priority over it, or unless the will shows an intent to pay the annuity out of income alone. * * *" Citing 3 Page on Wills (1941) Sec. 1173. pages 478–479.

In Re Oliver's Estate, 10 Cal.App.2d 336, 51 P.2d 1118, the testator directed his trustees to pay a friend $1,800 a year during her life with remainder of the income to testator's brother. The District Court of Appeals said at 51 P.2d 1119: "There is no provision or statement of any kind in the will to the effect that this annuity shall be limited to income. The bequest to Mrs. Carr (the annuitant) is positive and certain, clear and distinct, and there is no condition attached as to how it shall be paid." This rationale has been followed in other jurisdictions where the grant of income. See, Annotation, 109 A.L.R. 717, the annuity does not limit its source to 3 C.J.S. Annuities § 5(b) pp. 1381–1382.

The will in its entirety shows testator's primary concern was for his wife and daughter, and the daughter's children. Those provided for after the daughter's death were to get only $1,000 for a period of ten years. Section 17(g) of the will empowers the trustees to invade principal to pay certain taxes, expenses and fees. Section 17(e) directed the trustee to distribute "the *remaining* principal and income to the remaindermen." These, and other provisions, indicate testator was not primarily concerned with preservation of the corpus for the remaindermen. In view of them the absence of the words "out of the principal or income" in Section 17(c) does not appear significant, and certainly not controlling as to testator's true intent.

■ Nor do we believe the trial court erred in declaring and instructing the trustees that it was not the intent of deceased that the trustees should pay the hospital, medical, dental, nursing and funeral bills incurred by, for, or on behalf of Joan Marquis Smirnoff in addition to the $750 to be paid to her monthly. Again, it is the intention of the testator that we are to ascertain from the provisions of the will. He provided specifically in Section 17(b) that when Joan was receiving $3,-000 annually her hospital and medical bills should be paid even if it exhausted the trust fund. However, he did not make that provision for her in Section 17(c) when she was receiving $9,000 annually. We are unable to find anything in the will indicating deceased intended by implication or otherwise the provision in Section 17(b) concerning these expenses to be carried over into Section 17(c). There is nothing in the will to indicate testator intended that Joan would be entitled to the benefits of both 17(b) and 17(c) simul-

taneously. Rather his plain intent is that Section 17(c) is to come into operation and govern at the end of the operation of Section 17(b). The $9,000 per year Joan receives under Section 17(c) is three times the amount she would obtain under Section 17(b) and testator must have felt she should pay her own bills when she received that larger amount. In any event, whatever his unexpressed reason, as we view the terms of his will, we conclude that he did not intend that while Joan is receiving the $9,000 annuity under Section 17(c) she should receive additionally money for these mentioned bills.

For the reasons stated, the decree of the trial court is affirmed. It is so ordered.

All concur.