PEARL E. HARRISON, et al., Appellees, v. WILLIAM F. LANG-
FITT, JOSEPH H. LANGFITT, Appellees, JOHN W. LANG-
FITT, Appellant.

**Wills:**   CONSTRUCTION:   REVOCATION OF DEVISE.   The testator by his original will gave his estate to his lawful heirs in equal shares, except one who was to receive $400 less than the others, he having previously received that amount in land; and in a codicil he stated, "I desire to change the will in regard to J. W. Langfitt, he having received his share in land under value."   *Held,* that it was the intent of testator that such heir should take no part of the estate, the amount received in land being of such value that he had already had his share; and that the form of the bequest in the codicil being expressed as a wish or desire did not defeat it.

*Appeal from Dallas District Court.*—HON. W. H. FAHEY,
Judge.

THURSDAY, FEBRUARY 20, 1913.

ACTION of partition of real estate. All the parties are beneficiaries, or alleged beneficiaries, of the will of J. F. Langfitt, deceased. The only controversy in the case is whether the defendant J. W. Langfitt takes any interest in the ·real estate under such will. This question involves a construction of the will and codicil thereto. The finding of the trial court was adverse to the claim of J. W. Langfitt in that regard, and he has appealed.—*Affirmed.*

*D. H. Miller,* for appellant.

*White & Clarke,* for the plaintiffs and defendant Russell, administrator, appellees.

EVANS, J.—John F. Langfitt died testate in January, 1911. . He executed his will in February, 1890, as follows:

February 24, 1890. This is to certify that I, John F. Langfitt, being in good health and sound mind, I make this will for the benefit of Sarah E. Langfitt, my wife. I give her full control of all the incomes on my real estate to use for her comfort as long as she remains my widow, I will to her all of the household goods, to use as she sees fit. I give her full control of all the personal property, farming utensils and all proceeds of from all the place and I give her full power to sell all the loose property on the place, pay all debts against the estate. I will give her power to hold any stock or grain on the place that she sees fit, all taxes on the place and all other debts made by my wife must be paid out of the income on the farm. I give her power to choose whom she wishes to assist her in transacting any business to be done. I give her full power to use all stated articles above while she remains my widow. I bequeath to all my lawful heirs, an equal share except J. W. Langfitt, who is to receive $400.00 less than the other heirs, he having received that amount in land, and Eliza E. Clevenger, my daughter, she has received out of my estate all that I have allotted to her except five dollars. I

give to my lawful heirs all the real estate and personal property at the death of my wife, except those two mentioned on page first.

It is conceded of record that J. W. Langfitt and Eliza Clevenger are the "two mentioned on page first." Afterwards, on October 5, 1898, J. F. Langfitt executed the following codicil to such will:

October 5, 1898. I, J. F. Langfitt, having changed my mind, bequeath to Eliza E. Clevenger, my daughter, an equal share with the other heirs. I also bequeath to Sarah E. Langfitt, my wife, all money and credits, to be used as she sees fit. I desire to change the will in regard to J. W. Langfitt, he having received his share in land under value. J. F. Langfitt. [Seal.]

Both will and codicil were duly admitted to probate. The wife of the deceased did not survive him. The deceased had had eleven children. Those who did not survive him left children to take the share which would otherwise have gone to them. The question is, therefore, whether the real estate should be divided into ten shares, excluding J. W. Langfitt, or into eleven shares, including J. W. Langfitt, as a beneficiary. It is the contention of J. W. Langfitt that the original will by its terms clearly gave to him one-eleventh share of the estate, less $400. He further contends that the provision of the codicil concerning him is too indefinite and uncertain in its language to change the devise made in his behalf in the original will.

The will is unskillfully drawn. We think that its real intention stands out quite prominently, nevertheless. It appears both from the will and from the codicil that the appellant had received, prior to the execution of the will in 1890, $400 "in land." The original will charged this amount against the share which the appellant would otherwise take thereunder. Eight years later the codicil was executed The testator purported therein to make three changes in

the original will. One of these related to the appellant, viz.:
"I desire to change the will in regard to J. W. Langfitt, he
having received his share in land under value." The mean-
ing of this provision must be ascertained in the light of the
entire will. The amount of real estate involved was one
hundred and twenty acres. The number of children to be
provided for were eleven. The land received by the appellant
prior to 1890 was valued at $400. The codicil now declares
this to be an undervaluation, and that such land, so received,
was in fact of such value that the appellant should be deemed
as "having received his share." It was of course competent
for the testator to reach this conclusion in his own mind and
to be governed thereby. The appellant suggests no other
interpretation of this clause, except to contend that it means
nothing. In this view we cannot concur.

It is urged, also, that the provisions of the original will
are clear and definite, and that therefore they should not be
set aside by the indefinite provision of the codicil. The will
itself is not so clear and definite as the appellant assumes in
argument. The only express devise of the real estate con-
tained therein seems, on its face, to except the appellant from
its operation. If the original will stood alone, it might pre-
sent to the appellant some difficulty to harmonize its pro-
visions, so as to award to him a share of the real estate as
distinguished from personal property.

It is also urged by the appellant that the codicil did not
in fact change the will, but only expressed a "desire" to do
so. It is well settled that mere precatory words in a will
are not binding as a disposition of property. But this usually
has reference to the expression of a wish or request as to
the future conduct or action of other parties. But the ex-
pression of a wish or desire is by no means fatal to the form
of a bequest or devise. Indeed, bequests frequently appear
in just such form, and are sustained as sufficient. 1 Redfield
on Wills (3d Ed.) 161. We reach the conclusion that the

real intent of the testator is ascertainable from the terms of the instrument as written.

The order of the trial court is therefore *Affirmed.*