IN RE ESTATE OF CORA B. HILLIS.

CYRUS B. HILLIS, Executor, et al., Appellees, v. THE STATE UNIVERSITY OF IOWA et al., Appellants.

No. 41365.

MARCH 14, 1933.

John Fletcher, Attorney-general, and Gerald O. Blake, Assistant Attorney-general, for appellants.

George A. Wilson and Ed R. Brown, for appellees.

ANDERSON, J.—Cora B. Hillis departed this life August 12, 1924, leaving a will which was admitted to probate in the district court of Polk county on the 7th day of October, 1924. Cyrus B. Hillis, her son, was appointed executor, and is still acting as such. This is a proceeding for the construction of her will, and particularly of the following paragraph thereof:

"Believing work for Child-Welfare to be the most constructive, patriotic and eternal work in the world, and the Child-Welfare Research Station at Iowa City being second only to my children in my affections, I give to said Station the sum of ten thousand ($10,000) dollars, to be the nucleus of an endowment fund, to ensure the establishment of the Child-Welfare Research Station as originally planned. I give this sum with this proviso, that if no steps are taken within five years to augment this sum for this purpose, then the $10,000 will revert to my estate and be divided between my two children.

"It was my hope to live to help secure three to five million dollars endowment to meet an age-long human need, a dependable guide to child-rearing thru scientific study by research methods, of the problems of childlife."

And comes to this court on appeal from an order and decree of the district court of Polk county, holding that the bequest mentioned in the quoted paragraph of the will has lapsed, and directing that the bequest amounting to $10,000 now in the hands of the executor be distributed by him to the two children, heirs at law, of the decedent, Cora B. Hillis, according to the provisions of the will.

The State University of Iowa, the State Board of Education and the Child Welfare Research Station at Iowa City, appellants, appeared in said proceeding in the trial court by the Attorney General of Iowa, and resisted the application of the executor of said estate for a construction of said paragraph of said will as contended for

by said executor, on the grounds that said executor had never notified any of the parties of said bequest, nor had the executor, at any time, offered or attempted to carry out the provisions of the bequest, and that until such action was taken on the part of the executor it would be impossible for the devisee to perform under the said will. The resistance to the application further asked that the executor be required to pay said bequest.

The appellants contend and rely for reversal upon the following propositions: That the court erred in holding that the bequest made to the Child Welfare Research Station was a condition precedent instead of a condition subsequent; that the court erred in finding that it was the intention of the decedent that the executor was to hold the bequest until the fund had been augmented; that the court erred in holding that it was incumbent upon the state to accept the bequest within five years of decedent's death, regardless of whether an official notification had been made to the devisee; and that the court erred in holding that neither the Child Welfare Research Station, the State Board of Education, nor the state of Iowa, has, at this time, no interest in said bequest; and erred in ordering the same distributed to the children and heirs of the decedent.

The appellee contends that the appellants had actual and constructive notice of the bequest in question as early as September, 1924, and that no other notice was necessary; that no steps were taken within five years from the date of the death of the testatrix to augment the bequest; that the five-year period began to run on the date of the death of the testatrix; that action on the part of the appellants to comply with the terms of the bequest was a condition precedent to their right to receive such bequest; that it was necessary for the state to formally accept the bequest within five years from the death of Mrs. Hillis under the provisions of section 10185 of the Code of 1931; that the burden was upon the appellants to show the acceptance of the gift, and that an endowment had been created and the fund thus augmented, as required by the terms of the will of the deceased; and that by reason of the failure to accept the gift and comply with the requirements of the will within the five-year period has caused the bequest to fail.

The Child Welfare Research Station is a part of the State University of Iowa, which is under the direction of the Board of Education of the state. Mr. Bird T. Baldwin was a director of said station from and prior to September 30, 1924, to and including April 18,

1926. Prof. Carl E. Seashore was dean of the graduate college of the State University, and associated with Mr. Baldwin in the Child Welfare Research Station. Mr. Jessup was president of the State University during all of the time covering this controversy.

It appears that, for a period of three or four years prior to the death of Mrs. Hillis, the matter of an endowment to the Child Welfare Research Station had been a subject of discussion between herself and Mr. Baldwin, and that Mr. Baldwin, Mr. Seashore, and Mr. Jessup had actual notice of the bequest in the will of Mrs. Hillis, here under discussion. Very soon after her death, and in April, 1926, the executor of Mrs. Hillis' estate advised the director of the Child Welfare Station at Iowa City with reference to the said bequest, and furnished him with a copy of the bequest as contained in said will.

No specific notice to the devisees under a will is provided by our statutes, and no notice is provided as to the terms and conditions of a will other than the formal notices fixing the time for probate thereof *(section 11863)* and the notice of the appointment of executors as provided in *section 11890*. Complaint is made by the appellants because no formal specific notice was served upon them. The answer to this contention is that the statute does not provide for any such notice. Assume, for the purpose of argument, that a devisee was named in a will whose residence and address was unknown to the executors. What kind of a notice and under what provision of the statute would the executors be required to serve, and would it be required to hold an estate open and delay distribution indefinitely because a devisee could not be found and served with notice to indicate his acceptance of the bequest and give him time to comply with any conditions imposed? We think not. As to whether, independent of the statute, a notice is required, we do not decide or suggest. We are constrained to hold that the beneficiary under the provision of the paragraph of the will under discussion had actual and constructive notice of the bequest and its conditions, and that the bequest could have been accepted by the devisee under the provisions of *section 10187* of the 1931 Code, and its conditions complied with within the five-year period prescribed.

As we have indicated, the Child Welfare Research Station, the devisee named in the bequest, and the State University had knowledge and actual and constructive notice of the bequest in question as early as September, 1924, and at no time within the five-year

period of limitation was a formal acceptance of the bequest made or any effort to comply with the conditions under which it was made.

The appellants contend that the provisions of the paragraph of the will as to augmentation is a condition subsequent and not a condition precedent, and claim that the bequest should have been paid by the executor, and, in the event that the condition was not met within the limitation period, that it could have been returned to the executor for distribution under the terms of the will. Under our view, it makes little or no difference whether the condition should be held to be subsequent or precedent, as the entire period had expired before the commencement of the present proceeding. However, we are inclined to hold that the condition is precedent and not subsequent. A distinction is frequently drawn between precedent and subsequent conditions, but this most frequently occurs in cases where real estate is the subject of the bequest. Such was the situation in Schrader v. Schrader, 158 Iowa 85, 139 N. W. 160, and especially is this true where there is no devise or limitation over upon the failure of the performance by the devisee. In the Schrader case the payment of a special bequest was held not to be a condition precedent because no devise over was made, and the payment of the bequest was held to be a lien upon real estate devised to another.

In the case of Livingston v. Lenox College, 192 Iowa 579, 185 N. W. 122, 125, the testator bequeathed his estate to a trustee for the erection and maintenance of a hospital in a city, on condition that the city, within two years after the death of the testator, should raise an additional sum to aid in the promotion of such charity: It was provided that, if the city failed to meet this condition within the limitation period, the estate should be devised and bequeathed to Lenox College, for the purpose of an experimental station in farming and domestic science; and this devise over was upon the condition that Lenox College should, within one year after the expiration of the time or the refusal of the city of Monticello to raise funds as required to aid in the erection and maintenance of a hospital, raise $25.000, to be added to the bequest and be used in the equipment of the Archibald Livingston Home, an experimental home for college students. There was a further provision or devise over to the effect that, if the conditions provided are not complied with by the college, then the estate shall go to the legal heirs of the testator.

Quoting from the last-cited case we said:

"The devise has but one condition precedent to a vesting of the gift in the college, and that is that 'Lenox College shall (within the time prescribed) raise $25,000 to equip said Archibald Livingston Home and to be added to the gift herein given.' When that condition was met, as we hold it was, the estate so devised vested at once in Lenox College. The will neither provides nor attaches to such devise any condition subsequent upon failure of which the college may be divested of the estate in favor of the heirs of the testator. The devise over to the heirs was made contingent upon the failure of the college to perform the condition precedent—the raising of additional aid to the amount of $25,000; and when that condition was performed the possibility that the devise over would ever be effective was extinguished."

Following the rule thus laid down, we hold that the bequest in the case at bar, "I give this sum with this proviso, that if no steps are taken within five years to augment this sum for this purpose, then the $10,000 will revert to my estate and be divided between my two children," constituted a condition precedent to the vesting of the $10,000 in the appellants.

Appellants contend in their printed argument, "that Mrs. Hillis intended that this sum should be paid to the Child Welfare Research Station and that for a period of five years, if necessary, this sum should repose with the Welfare Station as a trust, and in the event of the failure to carry out the proviso of her will and augment this sum, then that sum was to revert to her children." The five-year period has now expired. The beneficiary has failed to carry out the provision or condition precedent. The sum has not been augmented. We hold, therefore, that the ruling of the district court so holding and directing the distribution of the fund by the executor under the terms of the will was correct.—Affirmed.

KINDIG, C. J., and DONEGAN, EVANS, KINTZINGER, ALBERT, STEVENS, and UTTERBACK, JJ., concur.