**FEILER, ET AL., Plaintiffs-Appellants, v KLEIN, ADMR. ETC., ET AL., Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20496.   Decided April 14th, 1947.

J. S. Berko, Cleveland, H. L. Deibel, Cleveland, for plaintiffs-appellants.
A. M. Klein, Cleveland, for defendants-appellees.

**OPINION**

By MORGAN, J.:

The plaintiffs, Leona F. Feiler and Clifford L. Feiler are two of the four children of Ernestine M. Feiler, a widow who died on June 6, 1939, leaving a will bearing date of Oct. 5, 1933.

264

The two other children, Delphia C. Feiler and Alvin J. Feiler are parties defendant in this action.

The plaintiffs seek a construction of the will, a finding that the trust created by the will has failed and has terminated and to quiet the fee simple title of the four children in certain real estate free from the trust.

The record in the case consisted of the will, statements and arguments of counsel and colloquy with the court. The two defendants, Delphia C. Feiler and Alvin J. Feiler did not appear and were not represented by counsel at the hearing in the Court of Appeals.

At the time of her death, Ernestine M. Feiler the mother, was the owner of five separate parcels of real estate located in Cleveland, Ohio, as follows:

1. At 2607-09 East 45 Place.
2. At 671 East 152 Street.
3. At the southwest corner of St. Clair and East 176 Street.
4. At 698-700 East 118 Street.
5. At 433-35 East 118 Street.

By her will she devised the above five parcels of real estate to a trustee or trustees with instructions to apply the net income from each parcel after the payment of all expenses as follows:

The net income from the property at 2607-09 East 45th Place to Alvin J. Feiler and Delphia C. Feiler.

The net income from the parcel located at 671 East 152 Street and the property at the southwest corner of East 176th Street and St. Clair Avenue to Clifford L. Feiler and the net income from the two parcels on East 118th Street to Leona F. Feiler.

By Item 6 of her will, Ernestine Feiler gave and bequeathed to her sister, Mrs. Gazella May "for and during the period and pendency of the trusteeship and executorship hereinafter mentioned, the free use and occupancy of the downstairs suite of the house and premises known as and situated at 2607 E. 45th Place, Cleveland, Ohio, subject however to the exercise of all the powers in respect to leasing and selling said real property as is hereinafter provided for."

The will empowered the trustee "hereinafter named and his successor or successors" to rent the real estate, to manage the property and to collect and distribute the rents and also to "sell and dispose of any or all of my real estate at such time or times and in such manner either at public or private sale and for such price and upon such terms and conditions as he shall deem proper."

The will further provided that if any of the five parcels of real estate were sold, in accordance with the powers conferred in the will, then the proceeds derived therefrom should be used by the trustee in the following manner:

The proceeds from the sale of the property located at 2607-09 East 45th Place should be applied and used in purchasing a life annuity for Alvin J. Feiler and Delphia C. Feiler from the Lincoln National Life Insurance Company of Fort Wayne, Indiana. The annuities so purchased should be payable monthly and to become operative one year after purchase.

The proceeds from the sale of the property at 671 East 152nd Street and the property at the southwest corner of St. Clair and East 176 Street should be used by the trustee in purchasing a life annuity for Clifford L. Feiler from The Lincoln National Life Insurance Company.

The proceeds from the sale of the properties located on East 118 Street should be used in purchasing a life annuity for Leona F. Feiler from The Lincoln National Life Insurance Company.

The testatrix further provided in Item 14 of her will that the trusteeship "hereinbefore set forth for my estate shall not at the utmost extend beyond fifteen years after my decease."

It is to be observed that the will does not command the trustee to sell the real estate and to purchase annuities. It gives to the trustee the power of sale and in the event that he exercises such power he is required to purchase the annuities.

The testatrix named Harry Auslander to be the executor and trustee under the will and on his death or failure to act, The Cleveland Trust Company was named as executor and trustee. Harry Auslander was originally appointed and qualified as trustee under the will but later resigned. When The Cleveland Trust Company declined the trust, the defendant, Adolph M. Klein, was appointed trustee by the Probate Court and he is now acting in that capacity.

The petition filed by Leona Feiler and Clifford Feiler after formal allegations, states that "doubt has arisen as to the purpose of the testatrix in attempting to create the purported trust provided for in Items 7 to 9 inclusive and Items 12 to 14 inclusive of said will. Plaintiffs believe and therefore allege that the purpose was to furnish support to the children of the testatrix but plaintiffs aver that such purpose has failed and will continue to fail and therefore the purpose of the trust cannot be properly accomplished and the trust should be terminated."

266

The petition also alleges,—"and doubt has arisen whether the trust is or is not uniquely personal to the trustee named in the will, that is to Harry Auslander, and The Cleveland Trust Company. * * * Plaintiffs believe and therefore aver that the powers and discretion reposed in the trustees by the terms of said will were intended by the testatrix to be personal to the two trustees named in said will * * * and therefore said trust has wholly failed and the court should by its decree recognize the failure of the trust."

The petition also alleges that "the annuities directed to be purchased by the terms of said will are capricious and whimsical and accordingly the beneficiaries thereof have elected to take the respective parcels of real estate above described in lieu of the proceeds of sale thereof, and in lieu of the annuities directed to be purchased and plaintiffs aver that such election has terminated the trust and that each of the plaintiffs and each of the two individual defendants of right ought to be and now is seized in fee simple and free from the trust the several above described parcels of real estate."

The prayer of the petition is that "the court construe said will, declare the rights of all parties, find the said trust has failed, by its decree recognize the termination of the trust, quiet the fee simple title free from the trust of the four individual parties, children of the deceased Ernestine M. Feiler, in the several parcels of real property above described" and that the trustee be required to account.

The record in this case does not show in what manner as alleged in the petition "the purpose to furnish support to the children of the testatrix has failed and will continue to fail." In the answer filed by the acting trustee in this case it is stated, "during the administration of the trust by the former trustee an income of over $2000.00 was produced above the carrying charges of the property. * * * During the administration of this defendant the income of said properties was far above expenditures." He stated also that a large net income had been prevented "by constant litigation by the plaintiffs and other beneficiaries." The record in this case does not disclose that the trust has failed or that it cannot be carried out.

It is also our opinion that the powers and discretion given by the will were not uniquely personal to the two trustees named in the will.

The testatrix in Item 8 of her will gave the power of sale to "my trustee hereinafter named, **and his successor or successors**" thus indicating that the testatrix realized the pos-

sibility of another than the named trustee, acting in that capacity.

There remains one further question to be considered and decided by this Court. Do the beneficiaries named in the will have the right and power to take the respective parcels of property above described in lieu of the annuities directed to be purchased from the proceeds of their sale and has the election to take such parcels terminated the trust so that as stated in the petition, "each of the plaintiffs and each of the two individual defendants of right ought to be and now is seized in fee simple and free from the trust the said respective parcels?"

In **Holt et al v Lamb et al, 17 Oh St 374**, the court held (syllabus 1):

"Where land is devised to a tenant for life, with direction that at his death it be sold and the proceeds divided among his children, the children may elect at his death to take the land itself or to have it sold for their benefit."

The above case was referred to with approval in the case of **Elstner v Fife, 32 Oh St 358**, at **page 373**, and in **Belle Center v Roundhead Township, 99 Oh St 50** at **page 55**.

It is therefore settled law in Ohio that if the will in this case had empowered the trustees to sell the parcels of real estate and had directed that the proceeds of the sale should be delivered to the respective legatees, the latter would have had the right to take the land instead of the proceeds realized from the sale of the lands. If one of the parcels had been sold, and the legatee had received the proceeds of the sale it is conceivable that the legatee might have used the proceeds to repurchase the land. It follows that no violence is done to the intention of the testatrix to permit the legatee to elect to take the land instead of the proceeds of sale.

In the instant case, however, the trustee is not directed to deliver the proceeds of the sale to the legatees, but rather is ordered to use the proceeds in purchasing annuities in a designated life insurance company for the benefit of the legatees.

The courts in England have consistently held for over 100 years that in a case of this kind the legatee is not required to accept the annuity but may elect to take the land.

The courts of Massachusetts and New York have followed the English decisions. In the case of Parker et al v Cobe, 208 Mass. 260 it was held, (syllabus 1):

"A bequest of $75,000.00 to trustees, 'to be used to purchase an annuity or annuities for C, my niece, the payments thereof to be paid to her quarterly if that can be done,' give the niece the right to receive the money outright and to require that no annuity shall be bought."

The court said:

"It is the settled law of England that a bequest of money to be used in the purchase of an annuity gives the legatee the right to the money and he can insist that the annuity shall not be bought." * * * .

"In the United States there is a decision to the same effect by an inferior court (Reid v Brown, 106 N. Y. Supp. 27) and so far as we know no case to the contrary."

In the estate of Cole, deceased, 174 App. Div. Rep. 54 (N. Y.) the court held (syllabus):

"A bequest to a son to buy an annuity gives an election to take the money as a capital sum and the legatee may insist that no annuity shall be bought * * * ."

The court quotes from an early English case as follows:

"In 1797 where no special circumstances appeared Lord Loughborough decreed the capital sum, saying:
" 'Could I have prevented her selling the annuity the next day if it had been laid out in an annuity for her? The whole 252 pounds would have been gone.' Barnes v Rowley, 3 Ves. 305."

The Cole case was affirmed by the Court of Appeals of New York in 219 N. Y. 435.

In application made in the estate of Frederick Bertuch dec'd, 225 App. Div. Rep. 773 (N. Y.) the court said:

"Order of the Surrogate's Court of Suffolk County made on the 10th day of September, 1928, denying the application of appellants to direct the trustees to pay to them the principal sum bequeathed to each for the purchase of an annuity, reversed upon the law, without costs, and application granted without costs. Since the testamentary gift of an annuity must be regarded as a legacy of the definite sum required to purchase it (Matter of Cole 174 App. Div. Rep. 534; affirmed 219

N. Y. 435; Reid v Brown, 54 Misc. 481) the subsequent provisions in the will that the direction to the executors and trustees to purchase the annuity shall be mandatory and that the annuitants shall not be entitled to claim or accept direct payment in lieu of such annuity, are repugnant to the terms of absolute gift and of no effect."

A more ruthless refusal to respect the wishes of a testator and to follow the instructions of a will can hardly be imagined than occurred in the above case. It resulted in the passage a few years later of a Bill by the New York Legislature which changed the law in New York. Laws of New York 159th Session 1936 Chap. 540, provide:

"If a person hereafter dying shall direct in his will the purchase from an insurance company of an annuity, the person or persons to whom the income thereof shall be directed to be paid shall not have the right to elect to take the capital sum directed to be used for such purpose in lieu of such annuity unless such will expressly provides for such right."

It is not strange that in Scott on Trusts, Volume 3, Sec. 346, page 1898, the learned author should make the following comment on this subject:

"The English Courts in taking this view are perfectly consistent. The English Courts hold that persons who have the entire beneficial interest in property can do as they like with the property regardless of the intention of the testator. * * *
"It is, however, more remarkable that the American courts should disregard the intention of the testator. * * *
"Doubtless a recognition of this inconsistency and a desire to give effect to the intention of the testator induced the New York Legislature to provide that if a testator should direct the purchase from an insurance company of an annuity, the annuitant should not have the right to elect to take the purchase price in lieu of the annuity unless the will should expressly so provide."

The reason given by the American courts for sustaining the right of a legatee to elect to take the property or money instead of the annuity is the same as the reason given in the English cases. See Scott on Trusts, Volume 3, Sec. 346, page 1899:

"The notion of the courts so holding is that it would be useless to purchase the annuity instead of giving the purchase price to the legatee, since the legatee might immediately sell his annuity and thus receive substantially the amount of the purchase price of the annuity."

It is not true that a legatee by the sale of an annuity will be able to "receive substantially the amount of the purchase price of the annuity."

It is our information that the vast majority of annuities have no cash value whatever and no value can be realized from them other than the guaranteed monthly income once they are made effective. If the provisions of an annuity permit its sale, such a sale is extremely rare and it can be made, if at all, only at a heavy discount.

There is no decision in Ohio on this subject, but our supreme court has held that the provisions of a duly probated will not repugnant to law or public policy are to be respected and should be carried out.

In **Robbins et al v Smith Jr., 72 Oh St 1**, the court held (syllabus 1):

"A trust created by will, the provisions of which are not repugnant to law or contrary to public policy, will not be decreed terminated where the objects of the trust have not been fully accomplished and their accomplishment has not been made impossible."

In **Union Savings Bank & Trust Co. v Alter, 103 Oh St 188,** the testator left a large estate and provided in his will that $2500.00 per annum should be paid to each of his children and that the excess income "shall go in augmentation and become a part of the principal of my estate." The estate increased greatly after the testator had made his will and after his death his children brought an action seeking to increase the annual payments to them over what was provided in the will. The court at page 203 of the opinion in deciding against the plaintiffs used the following pertinent language:

"Is a court, a stranger to the controlling motive of the testator, to assume to amend the will, because in its opinion some other disposition would have been more beneficial to the legatee? * * * In extreme cases in England, as well as in certain jurisdictions in America, the courts under the guise of

doing what the court imagines the testator would have done had he foreseen the situation, have gone a long way toward the substitution of the will of the court for that of the testator; but no such invasion of the right of the testator has been made in Ohio and we are not convinced that the benefits to be derived from the assumption and exercise of such power by the courts would compensate for the evils which would necessarily flow in its wake."

Also in the case of **Madden v Shallenberger, 121 Oh St 401** an attempt was made by the beneficiaries of a testamentary trust to free their several estates from certain conditions and restrictions imposed by the testatrix in her will.

The court held, (paragraphs 3 and 4 of syllabus):

"3. Secs. 12079 to 12087, incl. GC, afford the exclusive mode of setting aside a last will and testament.

"4. The concerted action of all of several beneficiaries of a testamentary trust to absolve their several estates from the conditions and restrictions imposed by the testatrix is no more effective to accomplish that purpose than the sole action of a sole beneficiary is effective to absolve his estate from such conditions and restrictions."

And at page 407 the court said:

"The fact that the parties have agreed to a somewhat similar trust, and the court has ordered that a contract of agreement shall be physically substituted for that portion of the will creating the testamentary trust, is not sufficient to disguise the fact that, since the whole estate of testatrix was devised and bequeathed to a named trustee in trust, the lower courts, in an equitable action have attempted without the intervention of a jury to actually and effectually set the will aside."

The court held that this could not be done.

The testatrix in this case by her will showed that it was her wish that her children should be given an annual income for their lives instead of the property or cash bequests. Appellants in their petition characterize the annuities provided in the will for the children as "capricious and whimsical." If so, the testatrix is in excellent company, in no less a person than Andrew Carnegie.

In Fitch on "What Everybody Wants to Know about Annuities" it is stated at page 31:

"When the astute Andrew Carnegie made provision in his will for former employees and others he did not do it with bequests of a large sum in cash. Instead he directed that his executors shall invest the money left for this purpose in the purchase of life annuities from the insurance companies. By this means he made it certain that his benefactions could never be squandered but that the beneficiaries would be sure to enjoy them until the end of life."

No good reason is shown by the petition or the evidence for failing or refusing to carry out the wishes of the testatrix in the manner provided in her will.

This was the conclusion reached by the trial judge and the judgment is affirmed.

HURD, PJ, and SKEEL, J, concur.