Grafton,
July 2, 1947. } No. 3666.

MAE DODGE BEDELL *v.* RALPH E. COLBY & a. *Ex'rs.*

*Mack M. Mussman* (by brief and orally), for the plaintiff.

*Francis G. Moulton* (by brief and orally), for the defendant.

BLANDIN, J. With the Court's rulings of law we cannot agree. It appears that the words, "or such other classification of annuity they deem best for her benefit" clearly authorize the executors within their discretion to invest in an annuity which will accomplish the precise purposes which the Court has found the testator intended of not conveying an estate in fee to the plaintiff, and of providing her with a regular income for her lifetime. The underlying intent of the testator, reading the will as a whole in the light of the situation of the parties, together with his knowledge of his daughter's habits, and the Trial Court's findings, appear to have been to protect his daughter from her own improvidence through the discretion invested in the executors. *Eaton* v. *Eaton*, 81 N. H. 275. To hold that the executors have no such discretionary power is to render meaningless the vital words, "or such other classification of annuity they deem best, for

her benefit." To do this also violates the wise principle adopted by *Doe*, C. J., in *Sanborn* v. *Sanborn*, 62 N. H. 631, 644, stated as follows: " 'No word, or clause, or sentence is to be rejected or overlooked, if a reasonable and consistent construction can be given to them . . . the general rule is now settled, that their natural effect and weight is to be given to every part of the language used, in whatever part of the instrument it is found.' "

The law is too well established in this jurisdiction to require extended citation that the intention of the testator is the sovereign guide in the interpretation of a will, and that this intention being ascertained the court must enforce it. *Peaslee* v. *Rounds*, 77 N. H. 544, 545; *Osgood* v. *Vivada, ante*, 222. Nor is it necessary that any particular phraseology be used. *Osgood* v. *Vivada, supra*. It appears unnecessary to decide in this case whether a trust has been established (see *Parker* v. *Cobe*, 208 Mass. 260), or to enter into extended analysis of decisions in other jurisdictions which reach a different conclusion from the one reached here. It is sufficient to say that these decisions, following the English rule, admittedly disregard the intent of the testator. 3 Scott, Trusts s. 346. These cases have been subject to well considered criticism in an article in 41 Mich. L. Rev. 276. There the author points out that an annuity offers a simple, inexpensive way whereby the testator may protect the future welfare of the beneficiary as contrasted with the expense and complications of the trust method.

That the English rule is not always approved is shown by the example of New York State, where the Legislature passed a special statute to avoid the consequences of its courts following this doctrine.

But there seems no need to invoke a legislative act here to accomplish the desired result. Our courts are not disposed to follow arbitrary rules, English or otherwise, at what appears to be the expense of justice.

The intention of the testator being established in this case there appears to be nothing to prevent its being carried out. If it may be deemed applicable the opinion in *Eastman* v. *Bank*, 87 N. H. 189, cited by the plaintiff in her brief, while holding that a trust must terminate, as its continuance was not necessary to carry out any material purpose, expressly states "that the trust must continue until the purposes for which it was created were accomplished." *Id.*, 193. Furthermore in that case the court pointed out that "the language of the will is obscure and conflicting," and that it was "difficult to ascertain what result the testator intended to achieve." *Id.*, 191. In

the present case the intent of the testator is not obscure nor is his object of protecting his daughter during her lifetime yet accomplished.

A decree should be entered dismissing the plaintiff's bill and ordering the defendant executors to invest the plaintiff's share, as determined upon final settlement, in such classification of annuity as they deem best, for the plaintiffs benefit.

*Case discharged.*

All concurred.