IN RE ESTATE OF AGNETTA JOHNSON.

AMERICAN BIBLE SOCIETY et al., Appellants, v. JAMES S. CAMERON, Executor, et al., Appellees.

No. 47147.

December 16, 1947.

Hart & Hart, of Waukon, for appellants.

H. Haehlen, of Waukon, for James S. Cameron, Executor, appellee.

Arthur H. Jacobson, of Waukon, for Lucille Johnson, appellee.

Hale, J.—This appeal involves the ruling of the district court on objections to the final report of the executor of the will of Agnetta Johnson. The estate was solvent and the executor, in paragraph 6 of his final report, asked the direction of the court to designate whether or not such executor should have the right to pay a $3,000 bequest to Lucille Johnson in cash or whether he should be compelled to invest $2,000 of said amount in the annuities therein stated. He referred to the provision of the will and stated that it was his belief that such a provision merely created a wish or suggestion on the part of the testatrix as to how the $3,000 bequest should be paid but the devisee would have the right to elect whether she wanted the sum in cash or whether she wanted part in cash and the balance in annuities as set out in the will; that the executor would have the right to

designate how the sum of $3,000 should be paid and that Lucille Johnson has expressed a wish to receive such sum in cash; that unless the court otherwise orders such $3,000 shall be paid instead of $1,000 in cash and $2,000 in the annuities.

To this paragraph 6 of the final report the American Bible Society, Baptist Ministers and Missionaries Benefit Board, Women's Baptist Home Mission Society, and Women's Baptist Foreign Mission Society filed their objections. The objections involved the construction of paragraph 5 of the will which is as follows:

"Par. 5. To my beloved daughter-in-law, Lucille Johnson, I will, devise and bequeath the sum of Three Thousand Dollars, payable as follows:

1. One Thousand Dollars in cash;

2. It is my further wish that the balance of said Three Thousand Dollars be invested by my executor for the benefit of Lucille Johnson as follows: Annuities in American Bible Society, Five Hundred Dollars; annuities in the Baptist Ministers and Missionaries Benefit Board, One Thousand Dollars; annuities in the Women's Baptist Home Mission Society, Two Hundred Fifty Dollars; annuities in the Women's Baptist Foreign Mission Society, Two Hundred Fifty Dollars."

To these objections the executor and Lucille Johnson, the beneficiary, filed answers, and the objectors filed reply. The district court overruled the objections.

The only question, therefore, in this case is whether the executor shall be permitted to pay to the annuitant named the sum of $2,000 in cash or shall invest in the annuities described in the will in the amounts therein specified. The district court held, as a conclusion of law, that the provision in paragraph 5 of the will as to the purchase of annuities should be construed as a suggestion only, and the court entered judgment that the bequest in the sum of $3,000 be allowed to Lucille Johnson and authorized the executor to distribute such amount to her. From this ruling the objectors appeal.

I. The first assignment of error by appellants is that the court erred in holding that the use of the word "wish" made the bequest merely precatory and a suggestion only. They

argue that the terms "wish" or "desire" in a testamentary devise may, and often do, have the force and effect of a specific direction. Citing Porter v. Tracey, 179 Iowa 1295, 1302, 162 N. W. 800; Canaday v. Baysinger, 170 Iowa 414, 152 N. W. 562; Phelps Mtg. Co. v. Thomas, 194 Iowa 1078, 190 N. W. 399; Harrison v. Langfitt, 158 Iowa 479, 139 N. W. 1076; In re Estate of Vail, 223 Iowa 551, 273 N. W. 107.

The general rule is laid down in 69 C. J., Wills, section 1133:

"Where words of recommendation, request, desire, and the like are used in direct reference to the disposition of the testator's own property and show a clear intent to make such disposition without the intervention of any act by the first donee, they are ordinarily regarded as imperative rather than precatory, even though the testator declares his wish to be executed only on the happening of a contingency which may never happen; but, where the language is used by way of suggestion, advice, or desire, with a view to influence, but not to direct the discretion of the donee, the words are held to be precatory. * * * A wish directed to a beneficiary is generally regarded as precatory, unless clearly the words express the testator's intention to the contrary; where the words are addressed to an executor, they are regarded as mandatory; * * * ." Citing authorities.

See, also, In re Estate of Lawrence, 1941, 17 Cal. 2d 1, 108 P. 2d 893. The cases cited support the contention of the appellants.

The appellees argue that the expression used in paragraph 5 of the will was precatory only, citing various authorities, among them Bills v. Bills, 80 Iowa 269, 45 N. W. 748, 8 L. R. A. 696, 20 Am. St. Rep. 418. The court's holding in that case was that there was a repugnancy between the first clause, being a devise of real estate, and certain gifts thereafter including a residuary estate. It held to the old rule that a devise or bequest cannot be defeated or limited by a subsequent doubtful provision inferentially raising a limitation upon the prior devise or bequest. This case, however, was questioned in the case of

Iimas v. Neidt, 101 Iowa 348, 70 N. W. 203, wherein the doctrine of Bills v. Bills, supra, was modified and a subsequent limitation held to be valid. There was a dissenting opinion. A concurring opinion therein says that the effect of our adherence to the rule indicated in the dissenting opinion as controlling has in particular cases operated to defeat plain testamentary intentions. Other cases cited are In re Estate of Edwards, 231 Iowa 71, 300 N. W. 673; Richards v. Richards, 155 Iowa 394, 136 N. W. 132; Bradford v. Martin, 199 Iowa 250, 201 N. W. 574. These various cases refer to repugnant provisions following an absolute bequest or devise. As we view it, there are no repugnant provisions in the will we are considering. The bequest of $3,000 is followed immediately and in the same paragraph by an explanation or direction as to how such bequest shall be disposed of by the executor. Division 2 in said paragraph 6 is in no sense repugnant to the bequest of $3,000. It is, rather, a part or an explanation of the entire bequest. The paragraph apparently is intended to be, and should be, read as a whole. Other cases are cited mainly as to the rule to be applied in case of repugnancy between the first and subsequent provisions, which we find it unnecessary to review.

Our conclusion is that if the will shows that the testator intended definite direction, the use of the word "wish" is not precatory, and we so hold. The clause directing the purchase of the annuities was a direction which was to be followed by the executor. Such direction is a part of the $3,000 bequest. Testator left $3,000 to be "payable as follows:" $1,000 cash, and then follows the direction to purchase annuities. The directions are to be read and construed together.

II. Appellees argue that the court was correct in holding that the provision relating to the annuities was so uncertain as to be impossible. As a conclusion of law the court so found, citing a definition credited to the supreme court, that "An annuity is a yearly sum of money granted by one person to another in fee for life or years, charging the grantor only." The court continued:

"If Testatrix meant in fact annuities, then the capital investment to produce the annuities set out would necessarily

be a very large investment, more than is available in this estate. On the other hand, the sums referred to, if paid in annuities over a period of years, would be a sum greater than that provided for in the will, which names the total bequest of $3,000.00.

"Again, on the other hand, if the intention was to grant the beneficiary only the accrued income on the $2,000.00, then the first specific bequest would be defeated. Neither does the will provide for the disposition of the principal sum after the income has been paid in case it were construed that the income plan was the intention of the Testatrix.

"Paragraph 5 of the Will in the first, or granting clause thereof, clearly provides for the bequest to beneficiary of $3,000.00. This bequest is definite and certain and an expression of intent and direction on the part of the Testatrix. Subdivision two of said paragraph 5 is indefinite and may not be held to defeat the positive bequest provided for in the first or granting clause. Too, in the said subdivision the Testatrix used the word 'wish', which does not necessarily express direction and, considering the word in connection with the text of said paragraph, it is reasonable to construe it as a suggestion only, and the Court so holds."

 We cannot agree with the reasoning or the conclusion of the court. Our opinion is that the $2,000 was to be invested so as to produce an annual sum. That is, the investment should be $2,000. For one reason, because the amount of the bequest is limited to $3,000, of which $1,000 is payable in cash. The balance means the $2,000, as the will plainly provides. It is true that the word "annuity" under the common law means a fixed sum payable at intervals, usually annually or at some other stated period, but frequently is commonly spoken of as referring to the contract creating an income. In the strict legal sense, the word, as used in the will, may not be an annuity, but there can be no doubt that as here used the term referred to the amount to be invested in an income-producing contract. The amount to be invested is limited to $2,000, in certain specified amounts. The report showed that there was only a balance of $418.01 on hand at the termination of the probate proceed-

ings, which balance was bequeathed in trust, so that to hold that the fixed sum, payable annually, must be $500 or $1,000 in the various cases would create an impossibility and nullify the provision as to annuities. A construction which carries out the manifest intention of the will, rather than one which nullifies that intention on account of the failure to define a bequest with strict legal accuracy, is to be preferred. Such is the case here. We prefer to construe the will as the testator understood it, as bequeathing a fixed and certain amount in the purchase of an annuity. Porter v. Tracey, supra; In re Estate of Beaty, 172 Iowa 714, 154 N. W. 1028; Anderson v. Wilson, 155 Iowa 415, 136 N. W. 134; Livingston v. Lenox College, 192 Iowa 579, 185 N. W. 122; Luitjens v. Larson, 222 Iowa 1320, 271 N. W. 239; In re Estate of Clifton, 207 Iowa 71, 218 N. W. 926.

Ordinarily, when we speak of the purchase of an annuity of $2,000 we do not mean that the investment must be such as to produce $2,000 a year. Our holding in this respect would make the will operative. A different holding would render void the direction contained in paragraph 5.

III. The appellants argue, and correctly, that the rule in Iowa and the United States generally is that it is the intent of the testator which is sought, and where the intent is manifest the rules of construction must give way. There can be no doubt of this proposition. The many rules of construction are available only where the intent is uncertain, but where the wording is clear and the intention manifest from the language employed in the will, there is no need for the application of any arbitrary or fixed rules. In almost every case we have cited, and in many others, the court has taken occasion to reiterate these propositions. No citation of authorities is necessary as the rule as to intent may be considered to be elementary.

IV. The district court held that the construction of paragraph 5 of the will authorized the executor to pay the entire amount in cash instead of purchasing annuities. That there has been authority for such a view is true, and it has been so held in some cases; and in 69 C. J., Wills, section 2133, it is stated:

"According to some authority, an annuitant may elect to take a capital sum where there is a direction in the will to the executors and trustees to purchase an annuity for a named beneficiary, or where an annuity is created without a valid gift over of the remainder, even though there is a provision in the will that the annuitant should not 'be allowed to accept the value of the annuity in lieu thereof,' or a provision that the direction to the executors to purchase the annuity should be mandatory; but there must be some direction to purchase or other language indicating the possible right of election. Where there are some discretionary duties on the part of the executor, the rules applicable to election to take a capital sum do not apply. Where there is a valid gift over of the capital sum to others on termination of the annuity, or where conditions are imposed on the right of the annuitant to receive the annuity, the annuitant cannot elect to take the capital sum necessary to purchase the annuity, particularly where the remaindermen object to such election."

See, also, 2 Am. Jur., Annuities, section 33.

This was the rule in England, and it was followed in the case of Parker v. Cobe, 208 Mass. 260, 263, 94 N. E. 476, 33 L. R. A., N. S., 978, 21 Ann. Cas. 1100, in which the court held that the beneficiary had the right to demand and receive the principal amount. This case holds that:

"It is the settled law of England that a bequest of money to be used in the purchase of an annuity gives the legatee a right to the money and he can insist that the annuity shall not be bought." Citing a case of an inferior court. Continuing, the case states:

"The case at bar is not a case where $75,000 was left upon the trust that the income of it should be paid to Ruth H. Cobe during her life, but it is a case where the $75,000 was to be laid out by trustees in the purchase of an annuity for Ruth H. Cobe during her life. For that reason it is not a case within the rule of Claflin v. Claflin, 149 Mass. 19, [20 N. E. 454, 3 L. R. A. 370, 14 Am. St. Rep. 393]."

In a case in New York, In re Estate of Cole, 219 N. Y.

435, 437, 114 N. E. 785, 786, Ann. Cas. 1918E 807, the will contained a direction to the executor to purchase an annuity payable quarterly to each of the certain named individuals, that said annuity shall be such sum as the amount specified in each case shall procure, and specifying the amount to be used. On application of the named annuitants the court affirmed the appellate division by authorizing the payment of the money instead of the annuity, and stated:

"It is the settled law of England, and has been for more than a century, that the gift of an annuity must be regarded as a legacy of the definite sum required to purchase the annuity." Citing cases, among them Parker v. Cobe, supra.

The above cases are cited by appellees, but it will be noticed that the ruling is based on the English rule. In the Cobe case the court states that the reasoning on which the rule is established is that the legatees can sell the particular object as soon as it is bought, and the law will not require the performance of a nugatory act. Hence, it is of no consequence that the particular object is to be bought by the trustee, not by the legatee. We are not impressed with this reasoning. The case follows the long-established rule in England, but to our mind does not conform to our rules of interpretation nor the application of the doctrine of intention.

V. The cases of Feiler v. Kline, April 1947, Ohio App., 74 N. E. 2d 384, and Bedell v. Colby, July 1947, N. H., 54 A. 2d 161, adopt the opposite theory. They are the latest expressions of the courts of this country on that subject. In the Feiler case there was a provision in the will creating a testamentary trust which empowered the trustee to sell parcels of real estate where the real estate or proceeds thereof were to be applied for the benefit of certain named persons, and the direction in the will was that if any of the five parcels of real estate were sold, then the proceeds derived from each parcel so sold should be applied and used in purchasing a life annuity for a named person, to be purchased from the Lincoln National Life Insurance Company. In each case the person was named and the direction for the purchase of an annuity was the same. The action was for the construction of the will, and it was contended,

as it is here, that the beneficiaries named in the will have the right and power, if they desire, to take the respective parcels of property, but the court held that in case of sale the trustee is not directed to deliver the proceeds of the sale to the legatee but is ordered to purchase an annuity. The case then cites the decisions in the courts of the United States and New York.

The Ohio court refused to follow the rules laid down in those cases and cites 3 Scott on Trusts 1898, section 346, as follows:

"The English courts in taking this view are perfectly consistent. The English courts hold that persons who have the entire beneficial interest in property can do as they like with the property, regardless of the intention of the testator. * * * It is, however, more remarkable that the American courts should disregard the intention of the testator. * * * Doubtless a recognition of this inconsistency and a desire to give effect to the intention of the testator induced the New York legislature to provide that if a testator should direct the purchase from an insurance company of an annuity, the annuitant should not have the right to elect to take the purchase price in lieu of the annuity unless the will should expressly so provide."

This case, Feiler v. Kline, refers to the reason given in the Parker v. Cobe case, supra. The court said at page 388 of 74 N. E. 2d:

"It is not true that a legatee by the sale of an annuity will be able to 'receive substantially the amount of the purchase price of the annuity.'

"It is our information that the vast majority of annuities have no cash value whatever and no value can be realized from them other than the guaranteed monthly income once they are made effective. If the provisions of an annuity permit its sale, such a sale is extremely rare and it can be made, if at all, only at a heavy discount." Citing Ohio cases.

The latest case involving the same question is Bedell v. Colby, supra, 54 A. 2d 161, decided by the Supreme Court of New Hampshire July 2, 1947. The decision held that one half

of the residue of the estate be invested by the executors and that it be invested in refund annuity, or such other classification of annuity they deemed best, for the benefit of the testator's daughter; and the court held that such provision authorized the trustees, in their discretion, to invest in an annuity to accomplish his purpose of withholding from his daughter an estate in fee but provided no regular income for her lifetime. The daughter applied for an order directing executors to distribute her share in residue directly to her, but the court refused and directed the executors to invest the daughter's share in accordance with the provisions of the will. The opinion refers to the well-established rule that the intention of the testator is the sovereign guide for the interpretation of the will; that this intention being ascertained the court must enforce it. It refers to the case of Parker v. Cobe, supra, and states "that these decisions, following the English rule, admittedly disregard the intent of the testator." 54 A. 2d 163. Citing 3 Scott on Trusts, section 346, and also referring to the fact that the New York legislature passed a special statute to avoid the consequences of the courts' following this doctrine. The opinion further states:

"But there seems no need to invoke a legislative act here to accomplish the desired result. Our courts are not disposed to follow arbitrary rules, English or otherwise, at what appears to be the expense of justice."

We also feel that the reasoning of the two most recent cases seems to be applicable to the general rules, especially to that of intention prevailing in this country. A similar case has not arisen in Iowa, nor has the question been raised in many courts of this country so far as our research discloses, but it seems to us that the Ohio and New Hampshire courts have pronounced the correct rule and we are disposed to follow it. We cannot, therefore, agree with the holding of the district court in this case, and hold that the decision of such court should be and is reversed.—Reversed.

OLIVER, C. J., and BLISS, GARFIELD, SMITH, MULRONEY, and HAYS, JJ., concur.